ALEXANDER H. WOOD & another *vs.* WILLIAM BOGLE.

Suffolk. March 4. — 9, 1874. WELLS & ENDICOTT, JJ., absent.

Under a lease in which the lessee covenants to pay " all taxes assessed during the
term " upon a portion of the demised premises, the lessee is not entitled to a proportionate return of taxes paid by him to the lessor, although the building is, after
such payment, destroyed by fire during the year for which the taxes are assessed,
and the lease is thereby terminated.

CONTRACT for money had and received. The case came before
this court on an appeal by the defendant from a judgment of the
Superior Court for the plaintiffs upon the following agreed
facts :

" The plaintiffs held a lease from the defendant of a store in
the building No. 202 Washington Street, in Boston, which con-

tained the following clauses, viz.: ' To hold for the term of two years from the first day of January, 1872, yielding and paying therefor the rent of three thousand and five hundred dollars per annum, commencing on the seventeenth day of February, 1872. And the said lessees do promise to pay the said rent in monthly payments of two hundred and ninety-one and $\frac{66}{100}$ dollars, cash, always in advance, and all taxes assessed during the term upon all the buildings and premises, No. 202 Washington Street, of which the premises hereby leased are a part, and to quit and deliver up the premises to the lessor or his attorney, peaceably and quietly, at the end of the term, in as good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties excepted, as the same now are, or may be put into by the said lessor, and to pay the rent, as above stated, during the term, and also the rent, as above stated, for such further time as the lessees may hold the same, and not make or suffer any waste thereof ; and that the lessor may enter to view and make improvements, and to expel the lessee if he shall fail to pay the rent as aforesaid, or make or suffer any strip or waste thereof. And provided, also, that in case the premises or any part thereof shall, during said term, be destroyed or damaged by fire or other unavoidable casualty, so that the same shall be thereby rendered unfit for use and habitation, then and in such case, the rent hereinbefore reserved, or a just and proportionate part thereof, according to the nature and extent of the injury sustained, shall be suspended or abated until the said premises shall have been put in proper condition for use and habitation by said lessor : or these presents shall thereby be determined and ended at the election of the said lessor or his legal representatives upon his giving the lessees or their legal representatives ten days' notice in writing of his said election.'

" The plaintiffs conformed to all the terms of the lease, and November 1, 1872, paid the defendant $935.16, being $291.66 for one month's rent in advance, and $643.50 for the taxes assessed May 1, 1872. November 9, 1872, store 202 Washington Street, Boston, including the leased premises, was totally destroyed by fire, and the lease terminated. The plaintiffs bring this action in contract to recover $194.44 for rent paid in advance for that portion of the month of November after the premises

were destroyed by fire, and $303.75 for taxes paid under the lease for that portion of the year after the premises were so destroyed, viz. from November 9, 1872, to May 1, 1873. The defendant has since suit brought, paid to the plaintiffs the above sum of $194.44 claimed on account of rent paid, but without prejudice to either party as to whether the sum of $303.75 claimed on account of taxes paid can be recovered."

*S. J. Thomas*, for the plaintiffs.

*H. G. Parker*, for the defendant.

GRAY, C. J. The whole tax for the year upon any parcel of real estate is assessed and payable as of the first day of May. It may be assessed either to the owner or to the tenant, and if assessed to and paid by the tenant, he may recover the amount thereof from his landlord, unless there is an agreement to the contrary. Gen. Sts. *c.* 11, §§ 8, 9. In the present case, the lease contained an express covenant by the tenants to pay all taxes assessed during the term, and no provision for the apportionment of taxes in any event. The entire tax assessed upon the estate on the first day of May, 1872, while the lease was in force, was therefore rightly paid by the tenants, and the subsequent termination of the lease gave them no cause of action for any part thereof against their landlord. *Wilkinson* v. *Libbey*, 1 Allen, 375.                    *Judgment for the defendant.*