HENRY W. SARGENT & others *vs.* JOHN A. PRAY & others.

Suffolk.   Nov. 10, 1874. — March 1, 1875.   WELLS & DEVENS, JJ., absent.

A lessee covenanted to pay all taxes payable during the term, " the tax to be paid on the first day of November in each year."   The building was destroyed by fire on November 9th, and the lessor soon afterwards terminated the lease.   The tax assessed on the 1st of the preceding May was not paid by the lessor until the following year, when he paid it with interest and costs.   *Held,* that the lessee was liable to the lessor for the entire amount of the tax paid, with interest from the time of payment, but was not liable for the costs paid by the lessor.

CONTRACT on a covenant in a lease to pay taxes.   Writ dated May 19, 1873.   The case was submitted to the Superior Court, and to this court, on appeal, on an agreed statement of facts in substance as follows :

On February 1, 1865, the plaintiffs leased an estate on Washington Street, Boston, for the term of ten years, the lessees agreeing to pay a certain rent quarterly and all taxes "which may be payable for or in respect of the said premises or any part thereof during the said term," "the tax to be paid on the first day of November in each year." It also provided that in case the premises or any part thereof should be destroyed by fire, so that the same should be thereby rendered unfit for use and habitation, the lease might be determined and ended at the election of the lessors, if the damages exceeded fifteen thousand dollars.

On August 1, 1865, the lessees, with the assent of the lessors, assigned to the defendants their interest in the lease, they agreeing to perform the " conditions, covenants and stipulations of the lease."

The defendants entered into occupation of the premises mentioned in the lease, under the assignment, and continued to occupy the same until November 9, 1872, on which day all the buildings on the premises were totally destroyed by fire. These buildings exceeded in value $15,000, and covered, substantially, all the lot of land demised, and were, by the fire, rendered absolutely unfit for use and occupation ; whereupon the lease was determined and ended by the lessors pursuant to the clause in the proviso to the lease, notice to that effect having been subsequently given to the defendants by the lessors.

A tax of $2012.40 was assessed on the premises, to the plaintiffs, on May 1, 1872, by the city of Boston, which, together with $60.36 interest thereon, and $24.52 costs, in all amounting to $2097.28, was paid by the plaintiffs to the city on May 19, 1873, which sum the plaintiffs on said day demanded of the defendants, who declined to pay the same.

Upon these facts the court is to render such judgment as shall seem agreeable to law. The Superior Court ordered judgment for the plaintiffs, and the defendants appealed to this court.

*E. D. Sohier & C. A. Welch*, for the plaintiffs.

*W. A. Field*, for the defendants.

AMES, J. The covenant of the lessees was not a mere promise of indemnity against the tax, but a promise to pay it to the lessors on the first day of November, each year of the term. It was not necessary to the plaintiffs' right of action therefore, upon

that covenant, that they should first have paid the tax themselves. *Wilkinson* v. *Libbey*, 1 Allen, 375. The destruction of the building by fire did not entitle the tenants, under the clause of the lease referring to that contingency, to a proportionate abatement of the taxes payable by them. *Wood* v. *Bogle*, 115 Mass. 30. The plaintiffs are therefore entitled to recover the amount paid by them to the city with interest from the date of the payment, not including the costs. The costs incurred by reason of any delay in their payment to the city must be considered as the result of their own fault or negligence, and are not to be included in the amount which the plaintiffs may recover.

*Judgment for the plaintiffs accordingly.*