WILLIAM MINOT & another, trustees, *vs.* JOHN D. W. JOY &
another.

Suffolk.    June 25. — September 11, 1875.    COLT & DEVENS, JJ., absent.

Under a lease of an entire building for a term of years in which the lessee covenants
to pay rent, " except only in case of fire or other casualty, and also all taxes
and assessments whatsoever whether in the nature of taxes now in being or not,
which may be payable for or in respect of the premises or any part thereof during
the said term ; " and which provides that, in case of the destruction of the build-
ing by fire, the rent shall be suspended until the lessor shall rebuild, the lessee is
bound for the payment of taxes assessed during the term, after the building is
destroyed by fire although it is not rebuilt.

CONTRACT on a covenant in a lease to pay taxes.    Writ dated
December 11, 1873.    The case was submitted to the Superior
Court, and to this court on appeal, on agreed facts in substance
as follows :

On April 1, 1869, James B. Bradlee leased to the defendants
for the term of three years from July 1, 1869, " store No. 57 and
59 Franklin Street," in Boston, by an indenture containing the
following clauses :

" Yielding and paying (except only in case of fire or other
casualty) as hereinafter is mentioned, the sum of $9000 yearly,
by equal quarterly payments of $2250 for each and every quarter
during said term, and at that rate for such further time as the
said lessees or any other person or persons claiming under them
shall hold the said premises or any part thereof ; the first pay-
ment thereof to be made on the first day of October, now next
ensuing.    And the said lessees, for themselves and their repre-
sentatives, hereby covenant and agree with and to the said lessor,
his representatives and assigns, that they will, during the said
term, and for such further time as he or any other person or per-
sons claiming under them shall hold the said premises or any part
thereof, pay unto the said lessor, his heirs and assigns, the said

yearly rent as aforesaid (except only in case of fire or other casualty, as hereinafter mentioned) and also all the taxes and assessments whatsoever, whether in the nature of taxes now in being or not, which may be payable for or in respect of the premises or any part thereof during the said term, together with the rent, taxes and assessments as above stated, for such further time as the lessees or those claiming under them may hold the premises ; and also will keep all and singular the said premises in such repair as the same are in at the commencement of said term, or may be put in by the said lessor or his representatives during the continuance thereof, reasonable use and wearing thereof, and damages by fire or other casualties excepted."

" Provided, however, that in case the premises or any part thereof shall, during said term, be destroyed or damaged by fire, or other unavoidable casualty, so that the same shall be thereby rendered unfit for use and habitation, then, and in such case, the rent hereinbefore reserved, or a just and proportionate part thereof, according to the nature and extent of the injury sustained, shall be suspended or abated until the premises shall have been put by the lessor or those having said estate in the premises, in proper condition for use and habitation ; but the said lessees or their representatives shall, nevertheless, be responsible under this indenture for the payment of the proportionate part of a quarter's rent accrued up to the time of the happening of such casualty, and for any preceding breach of covenant."

The defendants entered upon and occupied the premises under the lease, and in April, 1872, by a written agreement, made between them and the plaintiffs, as trustees and devisees under the will of said Bradlee, the lease was extended for the term of three years, from July 1, 1872. The defendants continued in actual occupation until the building demised by the said lease was totally destroyed by fire, in November, 1872. The plaintiffs have not rebuilt the building so destroyed, and the premises have remained unoccupied by either party. The defendants have paid no rent accruing, and no taxes levied, since the fire, though they contend that the covenants of the lease still remain in force. The taxes assessed upon the premises for the year 1873 amounted to the sum of $832, which sum has been paid by the plaintiffs.

If, upon the foregoing facts, the defendants were legally bound to pay the taxes, judgment was to be entered for the plaintiffs for the said sum of $832, with interest, from the date of the writ; otherwise for the defendants.

The Superior Court ordered judgment for the defendants and the plaintiffs appealed.

*R. Olney*, for the plaintiffs.

*J. P. Healy*, for the defendants. It is admitted that the plain-tiffs' right to rent under the lease was suspended when the demised premises were totally destroyed by fire in November, 1872, and that that right will not be revived until they rebuild the premises so destroyed. This has not yet been done; and as the residue of the term limited by the lease is so short, it cannot be done until that term shall have fully expired. The only question involved in this case is, Are the defendants under obligation to pay the taxes assessed upon the demised premises, after their destruction, without any possible enjoyment of them? It is submitted that the taxes covenanted to be paid are a part of the rent reserved in the lease, so that the provision of the lease suspending the rent suspends the payment of the taxes as a part of the rent, and that this mode of measuring the rent was adopted to vary the amount of the rent as the amount of the taxes should vary. This is also the equity of the case. The duty of the plaintiffs was to rebuild the premises, so that the defendants could have the enjoyment of them. The contract contemplates such rebuilding, and the defendants had a right to expect it. Had this been done, the plaintiffs would have been entitled thereafterwards to the full rent reserved, the taxes included. Having failed in this, it is not reasonable that they should recover any part of the rent.

AMES, J. By the express terms of the lease, the defendants have covenanted to pay a specific sum, in regular instalments, as rent, during the continuance of the term. They have also in like manner bound themselves to pay to the lessors " all taxes and assessments . . . . which may become payable for or in respect of the premises during the term," and according to the decision in *Wilkinson* v. *Libbey*, 1 Allen, 375, this covenant applies to all taxes assessed during the term upon the demised premises. *Amory* v. *Melvin*, 112 Mass. 83. The stipulation that, in case of the.

destruction of the building by fire, the rent shall be suspended until the lessors shall rebuild, does not have the effect to put an end to the lease, or bring the term to a close. It contains no provision that the liability for the taxes shall either be terminated, or subject to any apportionment. The promise to pay the taxes during the term is absolute and unconditional, and so long as the term continues, the defendants continue liable for their payment. *Wood* v. *Bogle*, 115 Mass. 30. *Sargent* v. *Pray*, 117 Mass. 267. *Paul* v. *Chickering*, Ib. 265. *Carnes* v. *Hersey*, Ib. 269. It is argued that the payment of the taxes is a part of the rent of the premises, and ought to terminate or be suspended when the rent is suspended ; but the difficulty is that the lease makes a distinction between rent and taxes, and while it provides that in a certain contingency the rent shall cease, it makes no such provision as to the taxes. We cannot alter the written contracts of parties upon the mere suggestion that the course of events has occasioned a hardship to one of them, that was not considered in making the agreement. On the contrary, we must suppose that the lessors were induced to make the lease, by the expectation that they were to be absolutely relieved of the taxes during the whole term ; and were also to receive rent during the term if the building should last so long.

*Judgment for the plaintiffs.*