ELIAS R. HUNNEWELL *vs.* EDWARD BANGS & another.

Suffolk.    December 4, 1893. — March 27, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Eviction — Construction of Lease — Defence.*

A lease of a building contained the following clause : " Provided always, that in case the premises or any part thereof shall, during said term, be destroyed or damaged by fire or other unavoidable casualty, so that they shall be thereby rendered unfit for use and habitation, then and in such case the rent hereinbefore reserved, or a just and proportionate part thereof, according to the nature and extent of the injury sustained, shall be suspended or abated until the said premises shall have been put in proper condition for use and habitation, and in case of such destruction or damage, or a like destruction or damage by any taking or appropriation by public authority for public uses, then the lessor, his heirs or assigns, may terminate this lease." *Held,* in an action for an eviction of the lessee by the lessor, that the fact that the building was destroyed or damaged by fire so that it was thereby rendered unfit for use and habitation was a defence.

HOLMES, J. This is an action for an eviction of the plaintiff, in April, 1892, by the defendants, his lessors. At the trial, the defendants offered to prove that on March 30, 1892, the building demised was destroyed or damaged by fire so that thereby it was rendered unfit for use and habitation, and relied on this fact as giving them a right to end the lease. On April 1, 1892, the

day after the fire, the plaintiff had tendered the full amount of the rent then falling due, without asking any abatement on account of the damages in respect of the last day of the month, and had denied that the premises had been damaged so as to be rendered unfit for use. He had asked no abatement since that time, but the eviction took place within a few days. The presiding judge excluded the evidence, on the ground, of course, that the fact if proved was not a defence. This is the question before us.

The clause of the lease to be construed is as follows : — " Provided always, that in case the premises or any part thereof shall, during said term, be destroyed or damaged by fire or other unavoidable casualty, so that they shall be thereby rendered unfit for use and habitation, then and in such case the rent herein-before reserved, or a just and proportionate part thereof, according to the nature and extent of the injury sustained, shall be suspended or abated until the said premises shall have been put in proper condition for use and habitation, and in case of such destruction or damage, or a like destruction or damage by any taking or appropriation by public authority for public uses, then the lessor, his heirs or assigns, may terminate this lease."

The grammatical interpretation of these words is plain. "Such destruction or damage" means destruction or damage such that the premises " shall be thereby rendered unfit for use and habitation," and nothing more. Grammatically, the word " such " does not bring into the last clause the further element of an abatement of rent. If confirmation is needed, the same right of termination is given in case of a " like destruction or damage by any taking," etc., in which case there is no provision for an abatement of rent. " Like destruction " means destruction like " such destruction," just before mentioned. It would not be a like destruction if " such destruction " meant a destruction accompanied by abatement of rent.

The plaintiff urges that the word " such " should be laid hold of for the purpose of reaching a construction more favorable to him, and of avoiding a supposed injustice. Extreme cases are put to illustrate the sacrifice of a tenant's rights which might happen if the words are taken in their strict grammatical sense. The answer to such cases is that leases are bargains, and that it

is not to be supposed that a tenant would make a bargain in which he did not see his advantage. Any chance of loss taken by the lessee is part of the consideration of the lease, and a termination of the lease in accordance with its terms is no more gratuitous than the payment of rent is gratuitous. *Minot* v. *Joy*, 118 Mass. 308, 311. The tenant can insure his interest if he wishes. On the other hand, a landlord may wish to reserve the right to improve his property, and change essentially the character of the building in case a fire makes some sort of rebuilding necessary. A reference was made to the covenant for quiet enjoyment of the premises, but unless the argument should be pressed to the extent of denying a right to end the lease under any circumstances, the covenant must be limited to the terminable interest demised, and has no bearing on the question when that interest may be ended. See *Brown* v. *South Boston Savings Bank*, 148 Mass. 300, 304. Finally, those cases have no application which relate to forfeitures imposed merely by way of sanction to some requirement, like the payment of rent, the performance of which is the primary object. *Atkins* v. *Chilson*, 11 Met. 112, 117. When, as in this case, a forfeiture is an end in itself, not a means of enforcing something else, it cannot be relieved against, and is not to be regarded with hostility. If a landlord bargains for a right to end the lease in case of a fire, the stipulation is to be approached no more adversely than if he had reserved a right to end it by a sale, or by the payment of a hundred dollars.

*Verdict set aside.*

*F. L. Hayes & E. A. Bangs*, for the defendants.

*G. O. Shattuck & J. H. Benton, Jr.*, (*J. Woodbury* with them,) for the plaintiff.