ALICE G. RICHARDSON *vs.* ALBERT L. GORDON.

Suffolk.    March 10, 1905. — May 20, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Landlord and Tenant.    Covenant.*

A provision in a lease, that in case the lessor has entered for a breach of condition he may let the premises to another at the risk of the lessee holding him responsible for the rent but crediting him with sums actually realized, has no application to the liability of the lessee for rent accruing before the entry, and it is no defence to an action for such back rent, that the lessor by making a new lease after entry for breach of condition has received more rent for the whole period of the first lease than he would have received had there been no breach of condition by the original lessee.

In an action on a covenant in a lease to pay "all taxes and assessments, to which the premises or any part thereof may become liable during said term," if it appears that the defendant failed to pay taxes assessed on the premises for the term of the lease, whenever payable, and that the premises had been sold for non-payment of taxes for one of the years of the term, the plaintiff is entitled to recover without showing that he has paid the taxes or that he has redeemed the property from the tax sale.

LATHROP, J.    This is an action of contract on the covenants of a lease, for the rent of certain premises in Boston for twenty-nine days during the month of September, 1902, and taxes for the years 1900, 1901 and 1902, together with interest.    At the trial in the Superior Court, a verdict was ordered for the plaintiff for rent for twenty-nine days in September, 1902, and for the taxes for the years 1900 and 1901, with interest thereon to the date of the verdict, and for five-twelfths of the taxes for the year 1902, with interest to the date of the verdict.    The case comes before us upon a report of the judge who tried the case.

The facts in the case are that on December 4, 1894, the plaintiff and the defendant entered into an indenture of lease by which the plaintiff let to the defendant from January 31, 1895, at the rental of $8,500 a year, payable in equal monthly payments of $708.34, on the last day of each month during the term, "and in like proportion for any fraction of a month unexpired at the legal termination of this indenture, the first payment to be made on the last day of February next."    The defendant also covenanted to pay the rent "and also all taxes

and assessments whatever to which said premises or any part thereof may become liable during said term."

The defendant entered and occupied the premises under the lease, up to September 30, 1902, on which day the plaintiff made an entry under a stipulation in the lease, for non-payment of rent and taxes. At the time of the entry, the rent for August, 1902, was due and unpaid, and the taxes for 1900, 1901 and 1902 were due and unpaid, and the property had been sold by the city of Boston for the taxes of 1900. The rent for August was sued for and recovered in another action. The defendant admitted his liability unless certain facts constituted a defence which entitled him to go to the jury. These we will consider, so far as they were relied upon at the argument.

1. The defendant sublet the premises by a lease to one Bailey, beginning March 1, 1896, for the balance of the defendant's term, at the rate of $12,468 per year, without taxes. On December 8, 1898, the plaintiff leased the premises to said Bailey for a term of four years, beginning at the expiration of the lease to the defendant; and there was a supplementary written agreement that if the lease to the defendant should be determined at any time for breach of condition the lease from the plaintiff to Bailey should begin from that time. The rent reserved by this lease was $10,000 per year, the lessee agreeing also to pay the taxes. After the entry, Bailey paid rent to the plaintiff under the lease from the plaintiff to him, and at the time of the trial had paid rent for two years, namely, from October 1, 1902, to October 1, 1904, being the sum of $20,000. In that interval Bailey also paid the taxes for 1903, and paid the plaintiff the seven-twelfth of the taxes for 1902.

The defendant contends that the plaintiff thus received $3,000 in excess of the rent which would have been payable by the defendant for the same period. This contention is based upon a clause of the lease, following the usual clause as to the lessor's right to enter for breach of condition, and which reads as follows: " And thereupon the lessor may, at discretion, relet the premises, or any part thereof, at the risk of the lessee, who shall remain for the residue of the term responsible for the rent, taxes and water rates herein reserved, and shall be credited with such sums only as shall be by the lessor actually realized."

The short answer to this contention is that the plaintiff is not seeking to recover from the defendant for rent accruing after the entry for breach of condition, but for rent before the entry, to which the clause of the lease above cited has no application.

2. The defendant further contends that the plaintiff was in fault in making the lease to Bailey at the rent reserved thereby, and that he, the defendant, should be credited with consequent loss of rents. The answer to this is the same as that to the last contention, and it also may be added that it does not appear that the plaintiff could have obtained a larger rental, or that the rental reserved was not a fair rental.

3. The defendant contends that as the plaintiff has not paid to the city of Boston the taxes which she seeks to recover, and has not redeemed the property from the tax sale for the taxes of 1900, she cannot maintain the action for the taxes.

In Boston taxes are assessed during the month of August, and relate back to the first of May. They are payable in October, and after that month, if not paid, interest is added.

We see no ground for relieving the defendant from paying the taxes. In *Wilkinson* v. *Libbey*, 1 Allen, 375, it was said by Mr. Justice Merrick: " The promise contained in the covenant is not, as.seems to be supposed by the defendant, to pay the taxes and assessments which shall or may be payable during the term, but those which may be payable for or in respect of the premises during the term, at whatever period of time they shall become or be payable." See also *Amory* v. *Melvin*, 112 Mass. 83, 87.

Nor is it necessary that the plaintiff should pay the tax to the city to entitle her to maintain this action. The promise is not one of indemnity against the tax, but a promise to pay it. *Sargent* v. *Pray*, 117 Mass. 267. *Bowditch* v. *Chickering*, 139 Mass. 283, 288.

In respect to the contention of the defendant that the plaintiff cannot recover the taxes of 1901 and 1902, because, the property having been sold for the taxes of 1900 and not redeemed, neither the plaintiff nor any property of hers is liable therefor, it does not clearly appear from the report that any such point was taken in the court below, or is open on the report. The entry was made on September 30, 1902 ; and before that time the sale for the taxes of 1900 had been made, but when is not

stated. The trial was in October, 1904, and the bill of exceptions states that the plaintiff has not redeemed the property from the tax sale. We do not think that enough appears to show that the taxes were not properly assessed to the plaintiff. For aught that appears the sale may have been made shortly before the entry, in which case the taxes for 1901 and 1902 properly would be assessed to the plaintiff. While the plaintiff has not redeemed, it does not lie in the mouth of the defendant to set up such a defence. He is sued upon his covenant, and has broken it. The verdict was right.

*Judgment on the verdict.*

*C. R. Darling*, for the defendant.

*H. N. Shepard*, for the plaintiff, was not called upon.