## McMillan *v.* Davis, Appellant.

*Contract—Sale—Conditional sale—Assignment of patent—Escrow— Promissory notes.*

Where an owner of a patent sells it for part cash and part promissory notes delivered to him, and he deposits an assignment of the patent in escrow, conditioned upon its redelivery to him upon default in payment of the notes, the transaction is not an option but a binding contract of purchase and sale; and the owner of the patent may, upon default of payment of the notes, either withdraw the assignment in escrow, or enforce the payment of the notes.

Argued April 17, 1913. Appeal, No. 52, April T., 1913, by defendant, from judgment of C. P. No. 3,

Allegheny Co., Feb. T., 1912, No. 341, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Gilbert N. McMillan v. Harry Davis. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

DAVIS, J., filed the following opinion:

The plaintiff is payee of a promissory note of $1,000, and brings this action against the defendant, as indorser, to recover the amount of the note.

The defendant as indorser alleges as a matter of defense the total failure of the consideration in the note between the maker and payee, and in his affidavit of defense avers in substance the following facts: That Gilbert N. McMillan, the plaintiff and payee of the note, entered into a written agreement, exhibit "A," on August 17, 1910, to sell to the Star Starter Company, a corporation, letters patent of the United States for improvements in a starting device for explosive engines, which letters patent are numbered 817266 and are dated April 10, 1906. That on said date the Star Starter Company paid to Gilbert N. McMillan the sum of $1,000 in cash on account of the purchase price of said patent, and a note of $9,000 was given for the balance of the purchase price.

That a subsequent written agreement was entered into between the said parties on August 15, 1911, which was a ratification of the prior agreement, and in which the $9,000 promissory note was extended as follows: $500 in sixty days from August 17, 1911; $1,000 in ninety days from August 17, 1911; $7,500 in six months from August 17, 1911. That in said agreement the said letters patent were to be assigned, and the assignment was to be and remain deposited with the White Mountain

National Bank of Gorham, N. H., in escrow, to be turned over to the Star Starter Company, its representatives or assigns, as its property absolutely, immediately upon the payment by the company of the promissory notes recited in said agreements. That said agreements further provided: "In the event that there shall be a default in the payment of any of the said promissory notes when the same shall become due, the said assignment shall be returned by the said White Mountain National Bank to Gilbert N. McMillan."

The defendant construes the agreements as an option which, as a matter of course, terminated on the default in the payment of the note in question. The defendant also alleges that the Star Starter Company, party to the agreement, has exercised the right (if an option) to end the agreement.

We are of the opinion that the agreements to place the assignment of the patent in escrow, in the hands of the bank, was for the advantage and security of the assignor of the patent until the notes were paid, and that the agreements are not to be construed as options, but as a conditional sale of the patent, and if the agreements are to be construed as a conditional sale of the patent, the assignor and holder of the notes would have the right to elect to determine the agreements on default of the payment of the notes; return them and retake the assignment of the patent, or to elect to enforce the conditions of sale and bring suit for the recovery of the notes.

The several notes were not placed in escrow with the assignment of the patent, but were delivered to the assignor as payment for the patent. While the agreements did not provide that the notes should be indorsed, yet when they were delivered over to the holder they were indorsed by the defendant in this case, showing an intention, at least, that if the holder of the notes so desired, he could demand and enforce payment.

And now, to wit, June 1, 1912, it is ordered and

directed that the rule for judgment for want of a sufficient affidavit of defense in this case be made absolute. To which order defendant excepts. Exception allowed and bill sealed.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*S. S. Robertson,* for appellant, cited: Blight v. Schenck, 10 Pa. 285; Helm v. Kleinschmidt, 12 Mont. 586.

*R. Longenecker,* with him *Gordon & Smith,* for appellee, cited: Baum's App., 113 Pa. 58; Galey v. Kellerman, 123 Pa. 491; Wills v. Mfg. Nat. Gas Co., 130 Pa. 222; Westmoreland & Cambria Nat. Gas Co. v. DeWitt, 130 Pa. 235; Ray v. Nat. Gas Co., 138 Pa. 576; McMillan v. Philadelphia Co., 159 Pa. 142; Cochran v. Pew, 159 Pa. 184; Liggett v. Shira, 159 Pa. 350; Bartley v. Phillips, 179 Pa. 175; Wheeling v. Phillips, 10 Pa. Superior Ct. 634; Keohane v. Quinn, 18 Pa. Superior Ct. 443; English v. Yates, 205 Pa. 106; Weaver v. Griffith, 210 Pa. 13; Graham v. Good, 223 Pa. 565.

OPINION BY HEAD, J., July 16, 1913:

The agreement into which the parties entered was in no sense an option. It was a valid binding contract of purchase and sale from which neither party was at liberty to withdraw at his own pleasure. The defendant, having paid a substantial part of the purchase money in cash, and having given negotiable notes for the remainder of it, found in the fact of the delivery of the assignment to the escrow agent his security that when he paid the notes he would be in possession of the property he had purchased. The vendor could in no way have escaped the claim of the defendant to the ownership of the patent as soon as the conditions were complied with: Baum's Appeal, 113 Pa. 58; Booth v. Williams, 2 W. N. C. 504.

The vendor in turn needed some security that the notes

which were to run for a considerable time afterward would be paid, and he found such protection in that portion of the agreement which gave him the privilege of withdrawing the assignment in escrow and reclaiming the possession of it on and after a default on the part of the defendant in his obligation to pay. When the defendant failed to pay the note sued on at maturity, he exercised no right reserved to him in his contract. He simply defaulted in the performance of an obligation enforceable at law. We think it plain that under the agreement he could not predicate of his own default his escape from the stress of an obligation which he had agreed to perform: Galey v. Kellerman, 123 Pa. 491; Wills v. Manufacturers' Gas Co., 130 Pa. 222; Cape May Real Estate Co. v. Henderson, 42 Pa. Superior Ct. 1.

We are all of the opinion the affidavit filed by the defendant discloses no sound legal defense to the plaintiff's claim and that the learned court below was therefore right in entering a judgment for the plaintiff.

Judgment affirmed.