# McMillan *v.* Davis, Appellant.

*Contract—Sale—Conditional sale—Assignment of patent—Escrow—Promissory notes.*

Where an owner of a patent sells it for part cash and part promissory notes delivered to him, and he deposits an assignment of the patent in escrow, conditioned upon its redelivery to him upon default of payment of the notes, the transaction is not an option but a binding contract of purchase and sale; and the owner of the patent may, upon default of payment of the notes, either withdraw the assignment in escrow, or enforce the payment of the notes.

Submitted Nov. 5, 1913. Appeal, No. 12, Oct. T., 1913,

by defendant, from judgment of C. P. Allegheny Co., July T., 1912, No. 3099, for plaintiff for want of a sufficient affidavit of defense in case of Gilbert N. McMillan v. Harry Davis. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on promissory note. Rule for judgment for want of sufficient affidavit of defense. Before DAVIS, J.

The plaintiff was the payee of a promissory note for $7,500, and brought this action against the defendant as endorser, to recover the amount of the note.

The defendant alleged as matter of defense the total failure of consideration in the note between the maker and payee. The affidavit of defense alleged that the note in suit was endorsed by the defendant and another and delivered to the plaintiff under the terms of certain agreements, from which it appeared that the note was given by the Star Starter Company as part of the purchase money for a patent, and that the assignment of the letters patent was delivered to the White Mountain National Bank of Gorham, N. H., in escrow, and that the escrow agreement contained the following stipulation:

"In the event that there shall be a default in the payment of any of the said promissory notes when the same shall become due, the said assignment shall be returned by the said White Mountain National Bank to Gilbert N. McMillan."

The defendant construed the agreements as an option which, as a matter of course, terminated on the default in the payment of the note in question. The defendant also alleged that the Star Starter Company, party to the agreement, had exercised the right (if an option) to end the agreement.

After the appeal in this case was taken, the judgment of the lower court in McMillan v. Davis, No. 341, Feb. T., 1913, was affirmed by the Superior Court in 54 Pa.

Superior Ct. 154, from which judgment the Supreme Court refused to allow an appeal.

The present action was on a note given in the same transaction and under the same circumstances, and the same questions of law were involved.

In McMillan v. Davis, 54 Pa. Superior Ct. 154, the opinion of the Superior Court, by HEAD, J., was as follows:

"The agreement into which the parties entered was in no sense an option. It was a valid binding contract of purchase and sale from which neither party was at liberty to withdraw at his own pleasure. The defendant, having paid a substantial part of the purchase money in cash, and having given negotiable notes for the remainder of it, found in the fact of the delivery of the assignment to the escrow agent his security that when he paid the notes he would be in possession of the property he had purchased. The vendor could in no way have escaped the claim of the defendant to the ownership of the patent as soon as the conditions were complied with: Baum's App., 113 Pa. 58; Booth v. Williams, 2 W. N. C. 504.

"The vendor in turn needed some security that the notes which were to run for a considerable time afterward would be paid, and he found such protection in that portion of the agreement which gave him the privilege of withdrawing the assignment in escrow and reclaiming the possession of it on and after a default on the part of the defendant in his obligation to pay. When the defendant failed to pay the note sued on at maturity, he exercised no right reserved to him in his contract. He simply defaulted in the performance of an obligation enforceable at law. We think it plain that under the agreement he could not predicate of his own default his escape from the stress of an obligation which he had agreed to perform: Galey v. Kellerman, 123 Pa. 491; Wills v. Manufacturers' Gas Co., 130 Pa. 222; Cape May Real Estate Co. v. Henderson, 42 Pa. Superior Ct. 1.

1914.]　　Opinion of Court below—Opinion of the Court.

"We are all of the opinion the affidavit filed by the defendant discloses no sound legal defense to the plaintiff's claim and that the learned court below was therefore right in entering a judgment for the plaintiff.

"Judgment affirmed."

The court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*S. S. Robertson,* for appellant.

*Ralph Longenecker,* and *Gordon & Smith,* for appellee.

PER CURIAM, January 5, 1914:

After the appeal in this case was taken the Superior Court affirmed the judgment of the Common Pleas of Allegheny County in an action on a note given in the same transaction from which this appeal arises and on the same state of facts involving the same questions of law. See McMillan v. Davis, 54 Pa. Superior Ct. 154. From the judgment of the Superior Court we refused an appeal. A second consideration of the subject is needless. For the reasons stated in the opinion of the Superior Court by Judge HEAD, the judgment is affirmed.