## SLAYTON v. JORDAN.*

LANDLORD AND TENANT; RE-ENTRY; RELETTING; DAMAGE⁻. MEASURE OF; TRIAL; ASSUMPSIT.

1. A landlord's re-entry for nonpayment of rent, and reletting of the premises, do not discharge the tenant from his obligation to pay rent, when accompanied by notice to the tenant that such act shall not be understood as avoiding the lease or discharging the obligation to pay rent.

2. The measure of damages for a tenant's breach of lease for nonpayment of rent may be rendered under the 73d rule, where the defendant though less than that stipulated in such lease, is fair and reasonable, is the difference between the r⁻nt called for by the two leases.

3. Judgment in assumpsit for breach of lease by a tenant for nonpayment of rent may be rendered under the 73d rule, where the defendant filed no affidavit of defense, and the plaintiff has rendered the damages certain by reletting the premises.

4. Assumpsit is the proper form of action by a landlord to recover damages for a tenant's breach of lease for nonpayment of rent, where, the landlord having relet the premises, the tenant did not object to the rate of the rental reserved on the reletting; and it is not necessary to sue in covenant though the lease is under seal.

No. 2727. Submitted October 7, 1914. Decided November 2, 1914.

HEARING on an appeal (specially allowed) by the plaintiffs from an order of the Supreme Court of the District of Columbia denying a motion for judgment under the 73d rule in an action to recover for the breach of a lease. *Reversed.*

*Landlord and Tenant.*—For cases upon the question of reletting of premises by landlord on abandonment by tenant, see note to Higgins v. Street, 13 L.R.A.(N.S.) 398.

The COURT in the opinion stated the facts as follows:

This is an action in assumpsit to recover for the breach of a
lease, and John C. F. Slayton and James A. Neal, plaintiffs,
appeal* from an order denying judgment on a motion under the
73d rule.

Plaintiffs' affidavit alleges the execution of a lease under seal,
whereby plaintiffs, as owners of the building, leased the base-
ment room of their building to Eldridge E. Jordan, defendant,
for the term of eight years, beginning January 1st, 1910, and
ending December 31st, 1917, for the sum of $40,000, payable
in monthly instalments of $416.67.

The lease contains this covenant among others:

"That these presents are executed upon each and all of the
following conditions, that if there shall be any default for the
period of ten days in the payment of said rent, or any instalment
thereof, as herein reserved, or if there shall be any breach by the
party of the second part, his administrators, executors, or as-
signs, of any of the covenants herein contained, then in such
case, in addition to other remedies therefor provided by law, it
shall and may be lawful for the said party of the first part, her
heirs and assigns, forthwith to declare this lease terminated and
ended, and thereupon to re-enter upon said premises and repos-
sess the same as of her or their former estate therein, or without
any formal demand or entry to recover possession of the same
in like manner as if said term had expired."

The affidavit further recites that the lessee failed to pay the
monthly instalment of rent due on March 1st, 1914, and has
refused to pay the same or any other instalment.

On April 4, 1914, plaintiff re-entered the premises, notifying
the defendant that the lease contract had been broken because
of said default, and that plaintiff would hold him liable for
all unpaid rent, as well as for all resulting loss or damage.    That
on March 1, 1914, there remained unpaid $19,166.82, repre-
senting forty-six instalments of $416.67 each.    Defendant had

---

* The appeal was a special one, having been allowed by this court on
appellants' petition.—REPORTER.

sublet the premises for $405 per month, and plaintiff could let the same for no greater sum, whereupon plaintiff let the premises to said subtenant for the unexpired part of the four years. That the damage sustained by plaintiff was the difference between the two rentals, which during that period amounted to $1,036.82, with interest, which sum he claims as damages.

Defendant pleaded *nil debet* and *non assumpsit,* but filed no countervailing affidavit. The court denied the motion for summary judgment under the 73d rule, and plaintiff has appealed.

*Mr. Clinton Robb,* for the appellants:

1. The court erred in overruling appellants' motion for judgment. 11 Am. & Eng. Enc. Law, 468; 18 Am. & Eng. Enc. Law, 374; *Grand Island Canning Co.* v. *Council Bluffs Canning Co.* 92 Fed. 323; *Beall* v. *White,* 94 U. S. 382; 24 Cyc. 1376, and note 28; p. 1377; *Biggs* v. *Stueler,* 93 Md. 100; *Oldewurtel* v. *Weisenfeld,* 97 Md. 165, 176; *Hunnewell* v. *Bangs,* 161 Mass. 132; *Auer* v. *Penn,* 99 Pa. 370, and *Breuckman* v. *Twibill,* 89 Pa. 58; *Galey Bros.* v. *Kellerman,* 123 Pa. 491; *Ray* v. *Nat. Gas Co.* 138 Pa. 576; *Alsup* v. *Banks,* 68 Miss. 664; *Respini* v. *Porta,* 89 Cal. 464; *Merrill* v. *Wilson,* 51 Neb. 162; *Shahan* v. *Herzberg Co.* 73 Ala. 63; 18 Am. & Eng. Enc. Law, 374.

2. The court erred in holding the affidavit of merit insufficient for judgment. *Underhill* v. *Collins,* 132 N. Y. 269; *Galey* v. *Kellerman,* 123 Pa. 491; *Brown* v. *Cairus,* 63 Kan. 584; *Miller* v. *Benton,* 55 Conn. 529.

*Mr. Samuel Maddox, Mr. H. Prescott Gatley, Mr. G. Beale Boomer,* and *Mr. John P. McMahon,* for the appellee:

1. The motion for judgment was properly overruled. *Foertsch* v. *Germuller,* 2 App. D. C. 340; *Boogher* v. *Byers,* 10 App. D. C. 425; *Meyers* v. *Davis,* 13 App. D. C. 366; *Deane* v. *Echols,* 2 App. D. C. 522; *Re Hevenor,* 144 N. Y. 271, 39 N. E. 393, 394; *Arrick* v. *Fry,* 8 App. D. C. 125, 136.

2. An examination of the lease itself discloses that it is an

instrument under seal.   For this reason alone plaintiffs were
not entitled to judgment.   *Brown* v. *Commercial Fire Ins. Co.*
21 App. D. C. 325; *Magruder* v. *Belt,* 7 App. D. C. 303.

3.  Where rent is payable in monthly instalments, upon each
default in payment a right of action accrues.   *Waters* v. *Pearson,*
39 App. D. C. 10; *Mansfield* v. *Winter,* 10 App. D. C. 549.

4.  A landlord who terminates a tenancy under a written
lease, between stated periods when the rent is regularly payable,
cannot maintain an action for rent under the lease, or an action
of assumpsit for use and occupation of the premises after the
last rent day prior to the termination of the tenancy.   *Joliet
First Nat. Bank* v. *Adams,* 34 Ill. App. 159; *Johannes* v. *Kiel-
gast,* 27 Ill. App. 576; *Cameron* v. *Little,* 62 Me. 550; *Robinson*
v. *Deering,* 56 Me. 357; *Nicholson* v. *Munigle,* 6 Allen, 215;
*Hall* v. *Gould,* 13 N. Y. 127.


Mr. Chief Justice SHEPARD delivered the opinion of the
Court:


No doubt the lessors could have allowed the premises to re-
main vacant, in which event they would have an action for the
rent reserved in the lease, but they were not obliged to do so.
The entry and reletting are sufficient to show an acceptance of
the surrender of the lease, where, taking into consideration all
the circumstances, the act is of a character to show that the land-
lord has resumed possession to the exclusion of the tenant, with
the intention of releasing him from his liability.   *Biggs* v.
*Stueler,* 93 Md. 100, 111, 48 Atl. 727.

In a later case it was said: "There are some authorities to
the effect that a re-entry and reletting of abandoned premises
by the landlord without the consent of the tenant would create
a surrender, by operation of law.   *   *   *   The best approved
cases, however, assert the contrary doctrine, and hold that where
a tenant repudiates the lease, and abandons the demised premi-
ses, and the lessor enters and relets the property, that such
a re-renting does not relieve the tenant from the payment of

the rent under the covenants of the lease." *Oldewurtel* v. *Wiesenfeld,* 97 Md. 165, 176, 54 Atl. 969.

See also *Hunnewell* v. *Bangs,* 161 Mass. 132, 36 N. E. 751; *Auer* v. *Penn,* 99 Pa. 370, 44 Am. Rep. 114; *Galey Bros.* v. *Kellerman,* 123 Pa. 491, 496, 16 Atl. 474, 17 Mor. Min. Rep. 164; *Ray* v. *Western Pennsylvania Natural Gas Co.* 138 Pa. 576, 590, 12 L.R.A. 290, 21 Am. St. Rep. 922, 20 Atl. 1065, 17 Mor. Min. Rep. 374; *Alsup* v. *Banks,* 68 Miss. 664, 668; 13 L.R.A. 598, 24 Am. St. Rep. 294, 9 So. 895; *Respini* v. *Porta,* 89 Cal. 464, 466, 23 Am. St. Rep. 488, 26 Pac. 967. In the last-cited case the court said: "A landlord upon a wrongful abandonment by his tenant may, if he choose, decline to meddle with the property at all, and at the end of the term sue for the rent. He is not, however, driven to this course, run the risk of damage to his property or the insolvency of his tenant. In this case the plaintiff [landlord] pursued the right course in letting the property · to Filippini [subtenant] * * * and his [landlord's] measure of damage is the difference between the rent he was to receive and the rent actually received from the subsequent tenant, provided there has been good faith in the subsequent letting."

See also *Underhill* v. *Collins,* 132 N. Y. 269, 30 N. E. 576; *Merrill* v. *Willis,* 51 Neb. 162, 70 N. W. 914.

The affidavit recites that possession was taken by the plaintiff, with notice that the possession should not be understood as avoiding the lease, and that he would look to the defendant for the payment of his rent. It was a reservation of his other remedies as stipulated in the lease. Taking possession of the house and releasing it were all acts in the interest of and for the benefit of the tenant, and ought not to have the effect to discharge him of the obligation to pay his rent. It was more to his interest than the lessor's for the latter to release the premises. Had he leased it for the same amount the tenant would have been entirely relieved; if less, he is liable for the difference. It was certainly much better for the tenant that the lessor should rent the premises and get something for them than to lock the door and wait to sue for the whole amount of the rent at the expira-

tion of the lease. It was for the benefit of both parties, and any possible presumption that the landlord has accepted the surrender and released the tenant is rebutted by the notice given by the landlord. The tenant should be estopped to set up his own wrong.

It is contended by the defendant that this action is upon the lease which is under seal, and must therefore be in covenant.

The amount of the damage is rendered certain by the action of the landlord in releasing the property. In releasing, he has accepted the new tenant and credited the amount of his obligation upon the lessee's contract. The defendant has not objected to the amount for which the property was released to his sub-tenant, and it is to be presumed that the amount is fair and the best that the landlord could obtain. Consequently the measure of damage is the difference between what the defendant under-took to pay and what the landlord was able to obtain from the new tenant. The amount of the demand, being the difference between the original and the new lease, is rendered certain, and the 73d rule governs the proceeding.

The action is properly in assumpsit for the use and occupation of the premises. The judgment is reversed, with costs.

*Reversed.*