## MINNESOTA LOAN & TRUST CO. v. MEDICAL ARTS BLDG. CO.

### No. 3282.

District Court, D. Minnesota, Fourth Division.

Oct. 31, 1934.

908

Kingman, Cross, Morley & Cant, of Minneapolis, Minn., for plaintiff in support of motion.

Guesmer, Carson & MacGregor, of Minneapolis, Minn., for defendant opposed.

NORDBYE, District Judge.

The obligation of the defendant as equitable assignee of the lease has already been passed upon by the Supreme Court of this state, 255 N. W. 85, and followed by this court in another motion for judgment on the pleadings as to the first cause of action alleged in subdivision (b) of the complaint in the above entitled action.[1] Hence, this court merely adopts the holding heretofore made in this matter, to wit, that the defendant is responsible under this lease in the same manner and to the same extent as the lessee therein.

The answer, in paragraph 10, admits that the tenant is obligated to pay all the taxes, etc., levied and imposed upon the leasehold premises as additional rent. It is conceded that the taxes sued for are unpaid and delinquent. Defendant contends, however: (1) That the lease requires the lessee to pay the taxes to the tax-collecting officials only, and not to the lessor; (2) that the lease provides that the lessor can recover taxes from the tenant only in case the lessor has paid the taxes; (3) that the validity and amount of each of the tax items in default and the basis of the cause of action in subdivisions (c) and (d) of the amended complaint are in dispute and are being in good faith contested by the defendant, and that, therefore, under paragraph 20 of the lease, no action will lie against the lessee to recover the delinquent taxes, even though an indemnity bond has not been furnished after demand, as provided in said paragraph 20.

It must be clear that the lessee under the lease is obligated to pay the taxes as additional rent. Paragraph 5 of the lease expressly provides that the lessee shall pay the taxes as additional rent. This covenant is clear and unambiguous, and if the defendant is obligated to pay the rent as an equitable assignee, it is likewise obligated to pay the taxes as a part thereof. There can be no serious contention to the contrary. But can the lessor maintain an action against the lessee for the taxes where it appears that the lease contemplated that the lessee should pay such taxes and assessments direct to the taxing officials, and where the lessor has not first paid the same? The weight of the authorities and a reading of the lease require an affirmative answer. The contract to pay the taxes is not one of indemnity, but a direct obligation to pay. The fact that the lease in paragraph 18 provides that the lessor, in the event of lessee's default, may pay

[1] No written opinion filed

the taxes and recover the same from the lessee with interest at the rate of 6 per cent. is not exclusive of other remedies vested in the lessor in the event of lessee's default. A reading of this paragraph substantiates this statement, because in paragraph 18 will be found the following language: "In addition to all other remedies by this lease or by law provided, the lessor may at its election pay any such judgment, taxes, assessments, or other charges . * * *."

The law recognizes that under this lease the lessee has the absolute duty to pay the taxes and is primarily liable therefor, even though the lease contemplated the payment of the taxes by the lessee to a third person, to wit, the tax collecting officials.

"It is generally held that, since a covenant to pay taxes or assessments is not simply a contract of indemnity, but by it the tax or assessment, as between the parties, becomes a debt of the lessee, the lessor can maintain an action for a breach of the covenant without first paying the tax or assessment." 36 C. J. § 763, p. 123.

"The covenant of a lessee to pay the taxes is not one simply of indemnity, but a positive agreement to pay and is broken when he neglects to pay. And it is the better view that upon his neglect, a cause of action at once accrues to the lessor, and he may either pay the tax and sue the lessee for the amount, or may sue without first so paying." 16 R. C. L. § 315, p. 819.

See, also, Trinity Church v. Higgins, 48 N. Y. 532; Richardson v. Gordon, 188 Mass. 279, 74 N. E. 344; Schmid v. Thorsen, 89 Or. 575, 170 P. 930, 175 P. 74; Fontaine et al. v. Schulenburg & Boeckler Lbr. Co., 109 Mo. 55, 18 S. W. 1147, 32 Am. St. Rep. 648; Broadwell v. Banks (C. C.) 134 F. 470.

In Vorse v. Des Moines Marble & Mantel Co., 104 Iowa, 541, 73 N. W. 1064, 1066, the court used the following language: "It is urged that plaintiff cannot recover because she has not paid the assessments. The claim is made relying on the rule, as to principal and surety, that a surety has no right of action against his principal in respect to a debt for which he is surety until he has paid the debt for his principal. A different rule is applicable here; that wherein one party agrees not to be surety for, but to absolutely pay the debt of, another, so that, as between the two, such party is primarily liable. We said in Stout v. Folger, 34 Iowa, 71 [11 Am. Rep. 138], that 'the authorities agree that, upon an undertaking to pay a debt due a third person, the plaintiff may maintain an action without showing that he has paid the debt.' "

There is no sound reason for any distinction between the right of the lessor to sue the lessee for rent in arrears, and the right to sue the lessee for taxes which should have been paid to the state as a part of the rent. The rent and taxes constitute the principal part of the consideration that the lessee must pay to the lessor for the use of the premises. Furthermore, there may be many practical reasons why the lessor would be unable to raise funds with which to first pay the taxes. No contention is made that, if and when the taxes in arrears are recovered from the lessee, the lessor will not apply the amount to the tax arrearage. In other words, it seems clear that, under this lease, where there is a primary obligation on the part of the lessee to pay these taxes as part of the rent, the lessor has the option, either to pay the taxes and then sue the lessee, as specifically authorized in the lease, or he may enforce the primary obligation of the lessee to pay these taxes by bringing suitable proceedings to recover judgment for the same in the event of lessee's failure to pay.

The defendant contends that it has, in good faith, taken steps to contest the validity of the delinquent taxes; that, therefore, the lessor cannot now pay the taxes even though it desired to do so; and that lessor must await the outcome of such proceedings. The institution of these proceedings and the good faith thereof are admitted. Defendant admits that the lessor has demanded an indemnity bond under paragraph 20 of the lease and that it has failed to furnish such bond, but contends and earnestly urges that the failure to furnish the bond merely gives the lessor the right to cancel the lease. Its position is based on its construction of paragraph 20 of the lease. It contends that the furnishing of the bond is only required to relieve the lessee of a default which would permit cancelation, and that the furnishing of the bond, after demand, is not a condition precedent to staying proceedings by the lessor to enforce payment of the delinquent taxes. While, due to the insertion of a semicolon in this paragraph, the intention of the parties may be somewhat obscure, the court is of the opinion that the parties never intended such a result as claimed by the defendant. If defendant's position can be sustained, it could institute proceedings to contest the validity of taxes, mechanics' liens, or any other judgment lien affecting the property, and unless the lessor could

910

prove that the proceedings were not instituted in good faith, the only recourse that the lessor would have would be to cancel the lease, and if it did not desire to abrogate this leasehold estate, the lessee would be able to postpone indefinitely the payment of taxes and liens without permitting the lessor to remove or discharge the liens, and leaving the lessor without any indemnity or security whatsoever. Manifestly, this situation was never intended by the parties. The only reasonable and rational construction of the disputed paragraph is to find that the parties intended that the lessee should have the right in good faith to contest the validity of taxes and judgment liens, etc., that may affect the property during the tenancy; that no steps should be taken by the lessor to cancel the lease, or to pay the default, or to take any proceedings based upon such default if the lessee, upon demand, furnishes satisfactory indemnity. It appears that the lessor has duly made a demand of the defendant to furnish a satisfactory indemnity bond. This the lessee has failed to do. The failure to pay the delinquent taxes, therefore, constitutes a default in the lease, and the lessor is entitled to the benefit of all its legal remedies to enforce the covenants of the lease. It is not relegated to cancelation.

In view of the court's interpretation of paragraph 20 of the lease, it necessarily follows that paragraph 10 of the answer should be stricken out, and plaintiff have judgment against the defendant as to the causes of action stated in subdivisions (c) and (d) of the amended complaint. It appears that the taxes payable on or before October 31, 1932, amount to $5,810.26, and that the taxes payable on or before October 31, 1933, amount to $5,687.44. These amounts are apparently not in dispute. The total amount with cost, penalty, and interest as of September 19, 1934, aggregates the sum of $13,163.24, according to the affidavit of the deputy county auditor.

It is, therefore, ordered that paragraph 10 of defendant's answer in the above-entitled matter be and the same hereby is stricken as sham and frivolous; that plaintiff have judgment against the defendant as for want of answer as to subdivisions (c) and (d) in the amended complaint; and that plaintiff may present to this court an order for judgment in conformity herewith.

Defendant may have an exception to this order for judgment.