JAMES PAUL *vs.* GEORGE H. CHICKERING & another.

Suffolk.  Nov. 13, 1874. — March 1, 1875.  WELLS & DEVENS, JJ., absent.

A lessee of a building covenanted to pay, during the term of the lease, all taxes "which may be payable for, or in respect of, the said premises." A tax was assessed to the lessor on May 1, and soon after the building was destroyed by fire, and the lessor terminated the lease by notice given in accordance with a provision in the lease. He then sold the estate to a purchaser who agreed to pay one half of the tax assessed on May 1. After this, at the usual time for the collection of taxes, the tax bill was sent to the lessor, who sent it to the grantee, by whom it was paid, and the lessor paid him one half thereof. *Held,* in an action, by the lessor against the lessee, on the covenant in the lease, that the defendant was liable for the whole tax, with interest from the date of the writ.

CONTRACT on a covenant in a lease to pay taxes. The case came before this court on an appeal by the plaintiff from a judgment of the Superior Court for the defendants, upon an agreed statement of facts in substance as follows :

By an indenture made between the plaintiff, of the first part, and the defendants and Thomas E. Chickering, since deceased, of the second part, the plaintiff leased to the defendants and the said deceased a certain building at the corner of Washington Street and Hayward Place in Boston, for the term of ten years from July 1, 1871, at a certain rent therein reserved, payable on the first days of January, April, July and October in each year.

The indenture contained the following covenant : "And the said Chickerings, for themselves and their representatives, hereby covenant with and promise to the said Paul and his representatives and assigns, that they will, during the said term, pay unto the lessor, his heirs or assigns, the said yearly rent, (except only in case of fire or other casualty, as hereinafter mentioned,) and also all the taxes, water rates and assessments whatsoever, whether in the nature of taxes now in being or not, which may be payable ˚or, or in respect of the said premises or any part thereof." The indenture also contained the following proviso : "And provided, also, that in case the premises or any part thereof shall, during said term, be destroyed or damaged by fire, (unless occasioned by the culpable negligence or carelessness of said lessees or their agents,) or other unavoidable casualty, so that the same shall be

thereby rendered unfit for use and habitation, then and in such case, the rent hereinbefore reserved, or a just and proportionate part thereof, according to the nature and extent of the injury sustained, shall be suspended or abated until the said premises shall have been put in proper condition for use and habitation by the said lessor; or these presents shall thereby be determined and ended at the election of the said lessor or his legal representatives."

By virtue of the lease, the defendants and the said deceased entered into the premises thereby leased, and occupied the same as tenants to the plaintiff until the lease was determined, as hereinafter stated.   On May 1, 1873, the assessors of the city of Boston duly assessed to the plaintiff a tax on the said premises, amounting to the sum of $2406.40 ; and the same was afterwards duly committed to the city treasurer for collection.   On May 30, 1873, the buildings on the premises were totally destroyed by fire, without the fault of either party.   On June 14, 1873, the plaintiff, in pursuance of the proviso in the indenture, gave notice to the defendants and the administratrix of the estate of Thomas E. Chickering, (who was then deceased,) that it was the plaintiff's election to determine the said indenture and the estate thereby created, and that by the said notice the same were determined.   On June 25, 1873, the plaintiff sold and conveyed the premises to James Scott in fee simple by a deed-poll of that date, which contained, on the part of the grantor, a covenant against incumbrances made or suffered by him, except said taxes, and the following covenant : "And that I will pay to the grantee one half of the taxes assessed thereon on the first day of May last, when he shall have paid the same."   And it was agreed on the sale, that the grantee should first pay the said taxes.   At the usual time for the collection of taxes, the city treasurer of Boston sent the bill for the said taxes to the plaintiff, who transmitted it to Scott, who thereupon paid the said taxes to the city treasurer, and the plaintiff afterwards paid Scott one half thereof.   The plaintiff afterwards requested the defendants to pay him the said sum of $2406.40 for the said taxes, and the defendants declined to do so.

Upon these facts, it is agreed that if the plaintiff is entitled to recover in respect of the aforesaid taxes, judgment shall be entered for the plaintiff for such sum as he may be entitled to otherwise, for the defendants.

*J. L. Thorndike,* for the plaintiff.

*H. L. Hazelton,* for the defendants.

AMES, J. There can be no doubt that the covenant of the lessees bound them to the payment of the tax, unless the circumstances of the sale of the demised premises by the plaintiff, after the term had been brought to a close by the fire, furnish some ground for relieving them from that obligation. *Wilkinson* v. *Libbey,* 1 Allen, 375. *Walker* v. *Whittemore,* 112 Mass. 187. *Amory* v. *Melvin,* Ib. 83. It appears to us to be impossible that that transaction should have that effect. The promise of Scott, the purchaser, to pay one half of the tax in question was only a part of the consideration which he gave for the land. The payment of half of the amount of the tax, which otherwise the vendor must have paid, was merely a part of the price of the estate. The price was the whole amount agreed to be paid, and it is immaterial whether it were expressed in one gross sum, or divided into separate items. Whatever price the plaintiff obtained for the estate, and in whatever mode it was computed, it could have no effect upon the covenant of the lessees to pay the amount of the tax to him.

*Judgment for the plaintiff for the whole tax with interest from the date of the writ.*