GEORGE W. CARNES *vs.* ALFRED C. HERSEY.

Suffolk. March 10. — 11, 1875. AMES & ENDICOTT, JJ., absent.

Under a lease for a term of ten years, in which the lessee covenants to pay "all taxes and assessments whatsoever, whether in the nature of taxes now in being or not, payable for or in respect of said premises, or any part thereof, during said term;" and which provides that the lessee shall pay only five sixths of the taxes assessed in the first year and such portion of the taxes during the last year after the assessment thereof as corresponds to the time of his occupation; the lessee cannot recover from the lessor a proportionate part of the taxes paid by him in an intermediate year, although the building is, after such payment, destroyed by fire during the year for which the taxes are assessed, and the lease is thereby terminated.

CONTRACT for a breach of the covenant for quiet enjoyment in a lease, with a count for money had and received. Trial in this court, without a jury, before *Morton,* J., who allowed a bill of exceptions in substance as follows :

On March 15, 1866, the defendant leased to the plaintiff, by a written instrument under seal and duly recorded, an estate on Summer Street, Boston, for the term of ten years from July 1, 1866, at a certain rent payable quarterly, "and at that rate for any fraction of a quarter not completed at the legal termination of said term, and for such further time" as the lessee should hold. Then follows this clause : "The first payment thereof to be made on the first day of October next, provided, however, that

in case said lessee shall not receive possession of the whole of the demised premises on the said first day of July, said lessee shall make a just proportionate deduction from the first quarter's rent and taxes."

The lessee also covenanted to pay the rent reserved " except only in case of fire or other casualty, as hereinafter mentioned," and " also all taxes and assessments whatsoever, whether in the nature of taxes now in being or not, payable for or in respect of said premises, or any part thereof, during said term or during such further time as the said lessee shall hold the same or any part thereof." Then, after other immaterial clauses, follows this provision : " But said lessee shall pay only five sixths of the taxes to be assessed in May next, and such pro rata proportion of the taxes assessed in or after the month of May, A. D. 1876, as shall correspond to the portion of time after the first day of said month of May for and during which he shall occupy said premises, or they shall be occupied by any person claiming under him."

Near the end of the lease were these clauses :

" And provided also, that in case the said premises, or any part thereof, shall during said term be destroyed or damaged by fire or other unavoidable casualty, so that the same shall be thereby rendered unfit for use and habitation, then and in such case the rent hereinbefore reserved, or a just and proportional part thereof, according to the nature and .extent of the injury sustained, shall be suspended or abated until the said premises shall have been put in proper condition for use and habitation by the said lessor, or these presents shall be thereby determined, at the election of the said lessor or his heirs, representatives or assigns.

" And the said lessor covenants and agrees with the said lessee and his representatives, that he and they, paying the rent afore-said and performing the covenants herein contained on his and their part to be paid and performed, shall peaceably hold and enjoy the said demised premises without hindrance or interruption by the said lessor or any other person or persons whomsoever."

The store on the demised premises was totally destroyed in the great fire of November 9, 1872. The defendant, the lessor, subsequently rebuilt the store, and on its completion, about August 7, 1873, refused, upon the plaintiff's demand, to permit the plain-

tiff to occupy the same, but let the premises to other tenants without the plaintiff's consent.

The defendant in his answer alleged that in pursuance of the provisions of the lease, to the effect that in case of such a destruction of the store by fire, the lease should be thereby determined at the defendant's election, the defendant elected that the lease should be thereby determined, and notified the plaintiff of such election, and that the plaintiff acquiesced therein; but the defendant contended that by the proper construction of the lease, the plaintiff must show an election by the defendant that it should continue.

The judge found the following facts:

" 1. Hersey never elected to continue the lease, and did not do anything to lead Carnes to believe that he had elected to continue it. 2. No formal written notice by Hersey of his election to determine the lease was given to Carnes until April 25, 1873. 3. Both parties understood soon after the fire that the lease was terminated, and that any future occupancy of the premises must be under a new lease, to be agreed upon between the parties. 4. Hersey therefore elected to terminate the lease immediately after the fire, and Carnes so understood it. 5. Under the circumstances of this case, if a written notice was necessary, the notice of April 25, 1873, was within a reasonable time."

There was also evidence tending to show that on November 8, 1872, before the fire, the plaintiff voluntarily paid to the city treasurer of Boston the annual taxes of that year, which had been assessed on the demised premises in the last preceding month of May, and were due and payable on or before October, 1872; that on April 19, 1873, the plaintiff settled with the defendant for the rent reserved in the lease, up to the date of the fire; that prior to such settlement the plaintiff and defendant differed as to the plaintiff's right to have allowed to him such a proportion of the taxes so paid by the plaintiff as corresponded to the period between the date of the fire and May 1, 1873; that the plaintiff claimed that he was entitled to such allowance under the clause in the lease that provided for a suspension or abatement of rent in case of the destruction of the store by fire, and the defendant thought the plaintiff was not so entitled · and that the defendant finally, on April 19, refused to make such allowance, or to pay or

allow the plaintiff in any form for any part of the taxes so paid by the plaintiff as aforesaid.

The plaintiff contended that even if the facts subsequently found by the judge and hereinbefore stated were proved, they were not sufficient to effect a determination of the lease, unless the written notice of April 25 had the effect to determine it; and requested the court so to find as matter of law.

The plaintiff also requested the judge to rule : " 1. That upon a just construction of the lease and the intent of the lease considered, the taxes payable by the lessee were to be apportioned to correspond to the duration of the term ; and that whenever the term may end (without default of the lessee,) his liability in respect to taxes assessed in the preceding month of May is limited to the payment of such proportion of said taxes as corresponds to the duration of the term beyond May 1, even if the provision for a suspension or abatement of rent in case of fire is not applicable to taxes.    2. That if, after the fire, the defendant refused to make the allowance in respect to the taxes of 1872, claimed by the plaintiff as aforesaid, he thereby accepted from the plaintiff a part of the consideration for the demise for and in respect to the period subsequent to the fire, up to May 1, 1873, and in so doing affirmed the continuance of the tenancy, and concluded himself from thereafter electing to determine.    3. That if the defendant should prevail upon the question of the determination of the lease, at least the plaintiff was entitled to recover from the defendant such proportion of the tax of 1872 as corresponds to the period between the date of the fire and May 1, 1873, under his money count."

The judge refused to find or rule as above requested, and ruled adversely to the plaintiff on all the points embraced in his requests ; and ordered judgment for the defendant ; and the plaintiff alleged exceptions.

*J. F. Barrett*, for the plaintiff.

*G. S. Hale*, for the defendant, was not called upon.

BY THE COURT. This case is not distinguishable from previous decisions.    *Wilkinson* v. *Libbey*, 1 Allen, 375.    *Amory* v. *Melvin*, 112 Mass. 83.    *Wood* v. *Bogle*, 115 Mass. 30.    *Paul* v. *Chickering*, ante, 265.    *Sargent* v. *Pray*, ante, 267.    The special provisions for the apportionment of taxes in the first and last years of the

lease leave the general covenant, to pay all taxes payable for or in respect of the premises during the term, unqualified during the intermediate time, and strengthen the inference that such was the intention of the parties. *Exceptions overruled.**

---

* A similar decision was made in Suffolk, March 11, 1875, in the case of

JOHN C. HOWE & another *vs.* DEXTER BRYANT.

The lease from the plaintiffs to the defendant, dated July 1, 1869, for the term of five years, provided that the lessee should pay three sevenths of the taxes levied upon the premises during the term, and that in case of the destruction of the premises by fire, the lease might be terminated by the lessor without notice. The premises were totally destroyed by fire on November 9, 1872. The bill for the tax assessed for that year was delivered to the plaintiffs on October 1, and three sevenths was demanded of the defendant, who refused to pay more than a proportionate part, from May 1 to the time of the destruction of the building. In the Superior Court, *Pitman*, J., ordered a verdict for the plaintiffs for the sum demanded, and reported the case for the determination of this court.

*T. H. Talbot*, for the defendant.

*J. D. Thomson*, for the plaintiffs.

BY THE COURT. This case is governed by *Carnes* v. *Hersey*, *ante*, 269, and the cases there cited. *Judgment on the verdict.*