FRANCIS C. WELCH & others, trustees, *vs.* MARTHA B. PHILLIPS & others, trustees.

SAMUEL HAMMOND & others, trustees, *vs.* JOSEPH B. SPILLER.

SAME *vs.* JOHN McCANDLISH.

Suffolk.   March 24, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Landlord and Tenant,* Covenant to pay taxes.   *Contract,* Construction.

A lease was made for a term of twenty years from May 1, 1893.   The lessee covenanted to pay "all the taxes . . . , except betterments, whether in the nature of taxes now in being or not which may be assessed upon or payable for or in respect of the said premises or any part thereof during the said term."   The lessee paid the taxes assessed as of May 1, 1893, and the taxes assessed for each succeeding year until the last year of the term, which ended on April 30, 1913, but refused to pay the tax assessed as of April 1, 1913, asserting that he already had paid the taxes for twenty years and that St. 1909, c. 440, which changed the day of assessment from May 1 to April 1, was not contemplated by the parties when the lease was made.   *Held,* that the lessee must comply with the terms of the express covenant he had made, although the result was that he had to pay the taxes for twenty-one years under a twenty year lease, it not being open to this court to modify the lease in accordance with a conjecture as to what agreement the parties would have made had they foreseen the likelihood of a change in the tax law.

DE COURCY, J.   The predecessors in title of the respective parties to these actions, executed a lease of a building in Boston for a term of twenty years from May 1, 1893.   The covenant therein relied upon is as follows:

"And the said parties of the second part for themselves and their representatives hereby jointly and severally covenant with the said parties of the first part, their representatives and assigns, that they will during said term . . . pay unto the said lessors,

their heirs and assigns . . . all the taxes and water taxes and assessments whatsoever, except betterments, whether in the nature of taxes now in being or not which may be assessed upon or payable for or in respect of the said premises or any part thereof during the said term."

The taxes sued for were lawfully assessed upon the demised premises by the city of Boston as of April 1, 1913. They were paid to the collector by the plaintiffs, after the defendants had refused to make payment of the amount.

Assuming, as the defendants contend, that the lease began on May 1, 1893, and terminated on April 30, 1913, and that they would not be liable for a tax assessed May 1, 1913, nevertheless, by the express terms of the covenant they are liable for the tax assessed upon and payable in respect of the premises on April 1. That assessment created a lien upon the premises substantially a month before the expiration of their term, which could be discharged only by payment of the tax, even though its actual payment was not due until after the termination of the lease. *Wilkinson* v. *Libbey*, 1 Allen, 375. *Richardson* v. *Gordon*, 188 Mass. 279.

There is no ambiguity about this covenant, to open the door for parol evidence. There are shown no circumstances or conditions existing at the time of the execution of the lease to indicate that the parties intended anything different from what their language clearly expressed. The real basis of the defendants' complaint is the St. 1909, c. 440, which took effect many years after the execution of the lease, and which advanced the date for assessing taxes from May first to April first. It is contended that they paid the taxes for 1893, the first year of the lease, and that this liability for the 1913 tax will result in their paying the taxes assessed upon the property for twenty-one years, although the term of the lease was only twenty years. Nevertheless the court is unable to relieve them from this seemingly inequitable result. It follows necessarily from the terms of the written lease which was executed by their predecessors in title. They agreed thereby to pay "all the taxes . . . whether in the nature of taxes now in being or not" upon the premises. Presumably the change in the tax law which makes them liable for the 1913 tax was not comtemplated by them. But the payment

of that tax comes precisely within the terms of the contract they made, and we can only construe and enforce it. It is not for us to speculate as to what agreement they would have made if they had foreseen the likelihood of a change in the tax law, and to modify the lease in accordance therewith. *Codman* v. *Johnson,* 104 Mass. 491. *Central Wharf & Wet Dock Corp.* v. *India Wharf,* 123 Mass. 561, 567. *Bangs* v. *Potter,* 135 Mass. 245. *J. L. Hammett Co.* v. *Alfred Peats Co.* 217 Mass. 520.

The evidence offered by the defendants was immaterial in this action. For the reasons stated there was no error in the refusal to charge the jury as requested, or in directing the verdicts; * and in each action judgment must be entered on the verdicts for the plaintiffs.

*So ordered.*

*G. W. Anderson,* for the defendants.
*B. Corneau,* (*R. F. Hooper* with him,) for the plaintiffs.

---

* Verdicts for the plaintiffs were ordered by *Quinn,* J.