PHILSIM REALTY CORPORATION, Respondent, *v.* 1022 SIXTH AVENUE CORPORATION and Another, Appellants.

First Department, March 10, 1933.

*Joseph Myles Bolstein*, for the appellants.

*Myron Butler* of counsel [*Louis M. Fribourg* with him on the brief; *Siegeltuch, Butler & Kraft*, attorneys], for the respondent.

TOWNLEY, J.   This action was brought to recover $5,750 paid under an alleged mutual mistake of fact at the closing of a contract involving the sale of a leasehold by plaintiff to defendants.   The lease which was the subject of the transfer had already been mortgaged and the Fulton Trust Company was the trustee.   Under the mortgage, monthly interest installments were payable on the last day of the month preceding the period for which the interest was due.   Plaintiff seems to have thought that these advance payments did not continue during the life of the mortgage, but applied only for the first six months.   The defendant may or may not have had a similar idea.   At any rate, on December 11, 1928, plaintiff and defendants made their contract of sale.   Under this contract of December eleventh the closing was fixed for December eighteenth and all adjustments were to be made as of December first.   The contract of December eleventh provided specifically that the lease was to be sold " subject also to first mortgage coupon interest which *shall not exceed the sum of Twenty-four Thousand Dollars ($24,000)* to December 1, 1928, and which the purchaser assumes and agrees to pay."

On the eighteenth of December, at the closing, there was some conversation concerning whether four or five interest payments, on which the plaintiff was in default, would have to be paid to the Fulton Trust Company by the buyer out of the cash which was due at the closing.   The testimony of plaintiff's witness is that he and one Beach, who represented the defendant, went over the figures and that it developed that the Fulton Trust Company insisted that five payments were due.   The alleged fifth payment was one that was due on November thirtieth and covered interest for the month of December.   The testimony is that Beach said he preferred to close on the basis of five payments being due and with the privilege of adjusting the matter later.   Plaintiff's witness continued: " He [Beach] said, ' Of course, if there was nothing coming back from the Fulton Trust Company, of course, we owe you the money.'   So I said, ' Well, under the circumstances, that will be perfectly all right; but I am pretty certain, Mr.' Beach, that I am right, although I am not positive, and that I am making a duplicate payment for the month of November, 1928.'   So he said, ' Well, let it go at that, we will go down the next morning.'   And the next morning I called up Mr. Beach; he said he could not go; he said, ' You go down, Mr. Butler; you can straighten it out, it is merely a matter of figures.' "

Plaintiff was unable to persuade the Fulton Trust Company that the November thirtieth payment was not due until after December first.   A suit was accordingly brought against the Fulton Trust

Company, which resulted in a judgment for the defendant (*Philsim Realty Corp.* v. *Fulton Trust Co.*, 136 Misc. 845; affd., 233 App. Div. 722). Upon plaintiff's failure to receive back from the Fulton Trust Company the amount of the December payment, this action was brought against the defendant.

The complaint is framed on the basis of a mutual mistake of fact which occurred on the closing day. The relevant part of the complaint referred to reads as follows:

" *Ninth.* That at the time of the closing of said leasehold on the said 18th day of December, 1928, plaintiff and defendant 1022 Sixth Avenue Corporation in making the various computations and calculations by mutual mistake and error assumed that five monthly instalment payments of coupon interest and monthly income tax payments to pay said coupon interest and income tax payments up to December 1, 1928, was owing by the plaintiff, the seller, instead of four such monthly payments, and by reason and in consequence of such mistake, the plaintiff upon the closing of said leasehold allowed to the said defendant, 1022 Sixth Avenue Corporation, purchaser, the sum of Five Thousand Seven Hundred and Fifty ($5,750) Dollars."

It will be noticed that it is not claimed that the mutual mistake occurred at the making of the contract for the sale of this lease. There might be some substance to the claim that at that time both parties were under the impression that the payment of interest for the month of December would necessarily be paid by the buyer and that the sum of $24,000 was determined upon under the mutual mistake that no payment had to be made by plaintiff on the thirtieth of November. No such error, however, is pleaded.

It is impossible to prove that a mutual mistake occurred on December eighteenth in relation to the closing of the contract of December eleventh when concededly the contract of December eleventh was carried out to the letter.

There is a further objection to be made to interpreting the testimony quoted above as meaning that there was a mutual mistake between plaintiff and defendants on December eighteenth as to their intentions in drawing up the contract of December eleventh. Had the parties been discussing on December eighteenth what their personal intentions had been in making the contract of December eleventh, there would have been no necessity for referring the matter to the Fulton Trust Company. They could at that time have either agreed or disagreed as to the meaning of the contract of December eleventh, but its meaning *to them* could not depend upon what attitude the Fulton Trust Company would take as to the construction of the mortgage agreement. It seems fair,

therefore, to interpret the conversation between the plaintiff and defendants as meaning that whatever was shown to be legally due between Fulton Trust Company and the plaintiff as of December first should be paid by the plaintiff. But if too much had been paid under the mortgage and the excess could not be recovered from the Fulton Trust Company because, for example, it had already become due at the time the suit was brought, the defendant would make good the amount that could not be collected from the Fulton Trust Company. The result of the litigation, however, brought by defendant's predecessor in title shows that no overpayment was made by the plaintiff and hence no repayment should be demanded of the defendant.

We cannot treat the testimony in this case as parol testimony received without objection in modification of the contract of December eleventh. Defendants were well warranted in view of the state of the pleadings in allowing this testimony to be received without objections. Had the complaint, however, related to the contract of December eleventh, defendants might well have objected to the admission of the testimony tending to modify that writing by testimony concerning oral intention under the cases of *Wall* v. *Hess* (232 N. Y. 472); *Ward* v. *Union Trust Co.* (224 id. 73); *Welch* v. *Phillips* (224 Mass. 267).

Defendants introduced no evidence but rested on plaintiff's case. Making every fair inference in favor of the plaintiff, we think that there is no evidence showing the existence of a mutual mistake on December eighteenth. The evidence shows that at the closing there was a dispute whether $23,800 or $29,750 was due and owing by defendants under the contract. The reservation of the litigation of such a dispute to some later date cannot be twisted into an admission that there was a mutual mistake of fact at that time.

There being no evidence to support the complaint as pleaded, the judgment should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MERRELL and SHERMAN, JJ., concur; O'MALLEY, J., dissents.

Judgment reversed, with costs, and complaint dismissed, with costs.