E. Sohier Welch & another, trustees, *vs.* Ellis Gordon
& others.

Suffolk.     November 17, 1933. — November 28, 1933.

Present: Rugg, C.J., Crosby, Pierce, Donahue, & Lummus, JJ.

*Landlord and Tenant,* Construction of lease, Taxes.

Under a lease containing a printed covenant by the lessee "during the
said term" to pay the rent "and also all taxes . . . which may be
assessed" on the leased premises, and a provision in typewriting that
the taxes should be paid by the lessee "in monthly payments as
nearly equal as may be estimated" on the rent day with the rent and
that an annual "settlement" of overpayments and underpayments
should be had ten days after the receipt of the tax bill from the munic-
ipality, the taxes were constituted a mere surcharge upon the rent,
and liability to make the monthly payments of portions of the taxes
ceased when liability to pay rent terminated.

Where the lessee under the lease above described, exercising an option
given him therein, surrendered the leased premises on a January 1
before the end of the term stated in the lease and then had paid to
the lessor three fourths of the annual tax assessed the previous April
1, he did not remain liable to the lessor for the one fourth of such tax
which was proportionate to the period from January 1 to the next
April 1.

It *was stated* that, if the lease above described had contained the printed
covenant alone without the typewritten provision, there would have
been ground for the contention that the lessee, upon so terminating
the lease, remained liable to the lessor for the unpaid one fourth of
such tax.

In case of conflict between a printed provision and a typewritten provi-
sion of an instrument, the typewritten provision is entitled to greater
weight as more likely to express the actual intention of the parties.
Per Lummus, J.

Contract.    Writ in the Municipal Court of the City of
Boston dated February 19, 1932.

The action was heard in the Municipal Court by *Duff,* J.
Material evidence is stated in the opinion.    The lease
therein mentioned was for a term of ten years and three
months from April 1, 1925.    The judge found for the de-
fendants.    A report to the Appellate Division was dis-
missed.    The plaintiffs appealed.

*R. G. Wellings*, for the plaintiffs.

*L. B. Newman*, for the defendants.

LUMMUS, J.   The defendants, lessees under a written lease from the plaintiffs, exercised their option, before the expiration of the term limited, to "surrender and deliver up possession of" the demised premises on January 1, 1932, at which time they had paid to the plaintiffs three fourths of the annual tax upon the premises assessed as of April 1, 1931, leaving unpaid one fourth thereof, or $748.05, which was proportionate to the period from January 1, 1932, to the next assessment day on April 1, 1932.   The plaintiffs bring this action of contract to recover the unpaid balance.   The lease was drawn upon a partly printed blank, and contained in print, following the habendum, a covenant on the part of the lessees "during the said term" to pay the rent "and also all taxes and assessments whatsoever, which may be assessed on the land and the buildings thereon or any part thereof, except assessments for betterments." Although the tax was for the twelve months following April 1, 1931 (*J. L. Hammett Co.* v. *Alfred Peats Co.* 217 Mass. 520), and was payable on October 1, 1931 (see G. L. [Ter. Ed.] c. 59, § 57), in contemplation of law it was assessed on April 1, 1931.   G. L. (Ter. Ed.) c. 59, §§ 11, 21.   If the provision already quoted stood alone, reported decisions of this court would give ground for the contention that the lessees are bound to pay the entire tax of April 1, 1931, although their lease was terminated before the end of the twelve months for which the tax was assessed.   *Wood* v. *Bogle*, 115 Mass. 30.   *Paul* v. *Chickering*, 117 Mass. 265. *Sargent* v. *Pray*, 117 Mass. 267.   *Carnes* v. *Hersey*, 117 Mass. 269.   *Welch* v. *Phillips*, 224 Mass. 267.   *Baker* v. *Horan*, 227 Mass. 415.   Compare *Security System Co.* v. *S. S. Pierce Co.* 258 Mass. 4.

But that provision does not stand alone.   In an earlier part of the lease, after the demising clause, where a blank space gave opportunity for the insertion of typewritten matter, the following appears in typewriting:

"It is further understood and agreed that the taxes and assessments hereinafter named as to be paid under this

lease by the lessees shall be paid to the Lessors in monthly payments as nearly equal as may be estimated on the first day of each month with the rent hereinafter reserved with an annual settlement to be made ten days after the receipt of the tax bill from the City of Boston, in each year, when any amount then due in excess of what has been paid in previous monthly payments shall be paid to the Lessors, and any amount which may have been overpaid shall be refunded to the lessees, and any neglect or failure by the lessees to pay any monthly instalment or annual settlement of taxes or assessments shall be a breach of the covenant of this lease to pay taxes and assessments, and shall entitle the lessors to all the remedies hereinafter provided for failure on the part of the lessees to perform or observe any covenant hereof, the first such settlement to be made on the first day of October 1925, it being understood that the lessors are to receive the rent hereinafter reserved free and clear of all deductions of every name and nature except assessments for betterments which are hereinafter provided for, and except taxes upon the rental and other payments to the lessors hereunder as income unless and to the extent that such taxes on income are substituted wholly or in part for taxes upon the property and except Inheritance and Succession Taxes. If the tax year is changed any adjustment required by the circumstances shall be made in a manner as nearly like the foregoing as is practicable."

The two provisions must be read together, and in case of conflict the typewritten one is entitled to greater weight as more likely to express the actual intention of the parties. *Perry* v. *Wilson Bros. Inc.* 260 Mass. 519, 521. But there is no real conflict. *Ginsburg* v. *Jacobson,* 276 Mass. 108. Reading the two together, we agree with the Appellate Division that "the parcelling of the annual tax was intended to turn it into a mere surcharge upon the rent, to live with it and die with it," and "that the monthly payment is of something only contingently payable 'with the rent,' for eviction might occur, or the lease be otherwise ended, and not something absolutely due now, but payable later." When the lease was terminated by a surrender in

accordance with its terms, the lessees were absolved from any duty to continue to make monthly payments of rent or taxes. *Deane* v. *Caldwell,* 127 Mass. 242. *Security System Co.* v. *S. S. Pierce Co.* 258 Mass. 4. *Hall* v. *Middleby,* 197 Mass. 485, 490.

*Order dismissing report affirmed.*