JOSEPH KOSHLAND & others, trustees, *vs.* AMERICAN WOOLEN COMPANY.

Suffolk.    February 9, 1934. — January 29, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Landlord and Tenant,* Construction of lease, Covenant to pay taxes. *Evidence,* Extrinsic affecting writing.    *Words,* "Taxes."

Under a covenant by the lessee in a lease for several years beginning October 1, that he would pay "the said rent as aforesaid . . . and all taxes . . . whatsoever" and certain other charges, the lease also providing that the covenants by the lessee "shall be in force without demand or notice during said term," the lessee was required to pay in full the amount of the tax assessed as of April 1 in the year in which the lease expired, and not merely the one half of that amount proportional to the period from April 1 to October 1 in that year.

In an action in which the issue was whether the lessee was required by the covenant above described to pay the whole or only one half of the amount of said tax, it was *held,* that the covenant was unambiguous and that therefore it was error to admit evidence that the lessor had required the lessee to pay one half of the amount of the tax assessed as of April 1 in the year in which the lease commenced.

CONTRACT.    Writ dated February 15, 1933.

The action was heard in the Superior Court by *J. J. Burns,* J., without a jury. The judge found for the defendant and reported the action for determination by this court.

*Lee M. Friedman,* (*F. L. Kozol* with him,) for the plaintiffs.

*J. N. Clark,* (*S. B. Montgomery* with him,) for the defendant.

PIERCE, J.    This is a report of an action tried before a judge of the Superior Court without a jury.

By a written lease dated October 20, 1917, and recorded in the Suffolk registry of deeds on October 30, 1917, the plaintiffs leased to the defendant certain premises in South Boston for a term of ten years from October 1, 1917. By an instrument in writing dated September 23, 1927, this lease was extended for five years. The extension lease is made "subject to all the covenants and agreements" contained in the lease dated October 20, 1917, excepting that the yearly rental should be $46,000 net in place and stead of $50,000 net. The material covenants of the lease dated October 20, 1917, were that the lessee was to pay the lessors "the said rent as aforesaid, and to pay all charges for water, and all taxes and assessments whatsoever, except betterment assessments and six (6) per centum per annum of any betterments assessed during the term hereof in equal instalments with the rent . . . to keep the demised premises . . . in such good repair, order, and condition, as the. same are at the beginning of or may be put in during the term . . . to save the Lessor harmless and indemnified from all loss, damage, liability, or expense incurred, suffered or claimed by reason of the neglect or use of, or accident from any or [of] the foregoing . . . not to suffer or permit . . . [anything] to increase the danger of fire or effect or make void any insurance of the demised premises or of anything therein against fire or other liability, or which may render any increased or extra premium payable for such insurance . . . to pay the Lessor all costs of keeping the building and the rents of the demised premises fully insured against fire or other liability during the said term." The lessee also agreed to pay for electricity obtained from the lessors, to pay the lessors for heat used, to make and pay for repairs on the premises and half of the width of a certain passageway. The payment for heat was "to be made . . . in equal instalments on January 1st and April 1st of each heating season." The lease provided that "All the foregoing covenants of the Lessee shall be in force without demand or notice during said term and for such further time as the Lessee or any person or persons claiming under the Lessee shall hold the demised premises."

Subject to the exceptions of the plaintiffs, certain evidence was offered and admitted by the judge to show the interpretation placed by the conduct of the parties upon the scope of the tax covenant. The pertinent part of this evidence is as follows: One of the three trustees executing the lease to the defendant was also the officer who executed the lease on behalf of the defendant corporation. The lease was dated October 20, 1917, and on November 1 of that year the first bill was sent by the lessors to the lessee and was paid in full. In addition to the items for rent, electricity, water and services of a watchman for the month of October, 1917, was the item described to be due under the provision of the lease, "E Street 53,771.30@17.70, 6/12 of $951.75 — 475.87"; this item was described in evidence "to be six twelfths of the 1917 real estate taxes assessed for the tax year beginning April 1, 1917, against the premises covered by the lease." The question raised by the report is whether the lessee is liable for the full amount of the taxes assessed on the leased premises for the tax year beginning April 1, 1932, or only for six twelfths thereof.

The contention of the defendant is that the lease construed as a whole is what it calls a "net" lease, that the object of the tax covenant and other covenants was to insure the lessors a minimum rental a month and that that was the sole object of the covenant. It further contends that if the language of the lease does not clearly, unequivocally and unambiguously express the agreement with respect to taxes as above contended for, then the agreement with respect to the taxes contended for by the plaintiffs is not clearly, unequivocally and unambiguously expressed, that the evidence which the judge received was admissible, that the conduct of the parties shown by that evidence "constitutes an interpretation of controlling significance in the construction of the defendant's obligation with respect to taxes" and that if "the parties regarded the defendant as obligated by the terms of the lease to pay six twelfths of the 1917 taxes; then by the same token the lease as extended obligated the defendant to pay only six twelfths of the 1932 taxes," citing *Pittsfield & North Adams Railroad* v. *Boston*

*& Albany Railroad,* 260 Mass. 390, 398. The plaintiffs contend that they are entitled to the full taxes for 1932, and include in this contention the position that the payment of taxes was a separate element of the bargain and not something merely ancillary to a fixed monthly rental.

The covenant to pay all taxes and assessments whatsoever is plain and unambiguous, and its words have a settled meaning. *Wilkinson* v. *Libbey,* 1 Allen, 375. *Paul* v. *Chickering,* 117 Mass. 265. *Baker* v. *Horan,* 227 Mass. 415. The contention of the defendant, that the tax covenant did not cover or extend to cover the six months between the end of the term and the end of the tax year because the covenant did not contain the words "assessed during the term" or equivalent words, is contrary to cases above cited. Moreover, the covenant by express words was to be in force during the term. A tax on land for a given year is regarded as a unit, as a single charge for that year, and not as a collection of charges accruing monthly and lumped together. A single burden is laid on the land, fixed as of May 1, under earlier statutes, and as of April 1, under the present statutes. *Wilkinson* v. *Libbey,* 1 Allen, 375. *Amory* v. *Melvin,* 112 Mass. 83, 87. *Baker* v. *Horan,* 227 Mass. 415, 419. *Welch* v. *Gordon,* 284 Mass. 485, 486. In view of the decisions above referred to, particularly *Wilkinson* v. *Libbey, Paul* v. *Chickering* and *Baker* v. *Horan,* the word "taxes" and the whole covenant of the defendant in respect to taxes had a fixed, certain and unambiguous meaning. It follows that no evidence as to the construction put upon the agreement by the parties could properly be admitted. *Stony Brook Railroad* v. *Boston & Maine Railroad,* 260 Mass. 379, 386, and cases cited. The full tax assessed April 1, 1932, was a tax within the defendant's covenant to pay all taxes whatsoever, and since the lease had not yet expired the covenant by the provision of the lease was still operative. There is nothing in the lease which indicates that the word "taxes" was intended by the parties to refer to charges accruing monthly, as was the case in *Welch* v. *Gordon,* 284 Mass. 485, 487.

Under the terms of the report the plaintiffs are entitled

to a "judgment for $14,747.11, with interest thereon at the rate of six per cent per annum from December 19, 1932, to the date of entry of judgment with costs, less $475.87 with interest thereon at the said rate from November 2, 1917, to the date of entry of judgment," and it is

*So ordered.*