### FRED W. MILLER *vs.* WADSWORTH, HOWLAND & Co., INCORPORATED.

Suffolk.    November 4, 1936. — December 2, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Landlord and Tenant*, Covenant to pay taxes. *Words*, "Tax year."

In view of St. 1933, c. 254, which became effective on December 31, 1934, the last day of the term of a lease for twenty years, provisions of the lease, that the lessee should pay the lessor "all taxes" on the demised premises and should pay them whenever they were due each year, except that the tax for the "last tax year" of the term should "be apportioned . . . in accordance with the proportion of the said" year "covered by the period of" the lease, required the lessee to pay the entire tax assessed as of April 1, 1934, since the tax period under the amending statute ended on December 31, 1934.

CONTRACT.    Writ in the Superior Court dated July 13, 1935.

The action was heard and reported by *Burns*, J., upon an agreed statement of facts.

*G. B. Rowlings*, for the plaintiff.

*R. W. Hale*, (*R. B. Roberts* with him,) for the defendant.

FIELD, J.    This is an action of contract on a lessee's covenant to pay taxes on the demised premises.    The case was heard by a judge of the Superior Court, sitting without a jury, on an agreed statement of facts, and upon request of the parties was reported by him, without decision, for the determination of this court, "such judgment to be entered as justice may require."    G. L. (Ter. Ed.) c. 231, § 111.

The demised premises are located in Boston.    They were demised by a lease executed January 23, 1914, for a term of twenty years beginning with January 1, 1915.    The plaintiff is the assignee of the claim of the lessor for which this action is brought.    The defendant under an assignment of the lease in 1927 "entered and occupied said premises and continued to occupy said premises throughout the remainder of the term of said lease, to wit, until December 31, 1934."

There is no contention that the plaintiff and the defendant do not stand respectively in the place of the lessor and the lessee so far as this action is concerned.

The lessee covenanted in the lease to pay to the lessor "all taxes and assessments whatsoever, which may be assessed on the land and buildings thereon, or any part thereof, except assessments for betterments with apportionments for the first and last years of the term." Earlier in the lease appears this provision: "It is agreed that the taxes and assessments which are payable by the Lessee as hereinafter stipulated shall be paid to the Lessor in each year whenever the same are due and payable and before any interest or penalty accrues thereon, except that the taxes assessed for the first and last tax years of said term shall be apportioned between the said Lessor and the said Lessee in accordance with the proportion of the said years respectively covered by the period of this lease."

As "of April 1, 1934, the city of Boston assessed a tax upon said land and buildings in the sum of $6,492.50 . . . said tax became due and payable on September 15, 1934, and interest in favor of said city began September 16, 1934, on all such taxes remaining unpaid after October 2, 1934; . . . said . . . [lessor] paid said tax to said city on October 2, 1934; . . . on October 9, 1934, the defendant paid to said . . . [lessor] the sum of $4,869.38 on account of said tax, which amount said . . . [lessor] applied in part payment thereof and waived interest on said part so paid; . . . the defendant has refused and still refuses to pay the balance of said tax assessed as of April 1, 1934, amounting to the sum of $1,623.12." As "of January 1, 1935, pursuant to St. 1933, c. 254, approved June 10, 1933, the said city of Boston assessed a tax upon said land and buildings." The case was submitted on the agreed statement of facts "for the sole purpose of determining whether the defendant was liable for the full amount of the tax assessed upon said land and buildings as of April 1, 1934, namely, the sum of $6,492.50, or only for a proportionate part thereof, namely, the sum of $4,869.38," the amount thereof actually paid by the defendant, that is, nine twelfths

of the amount so assessed. This action was brought to recover the remaining three twelfths of the amount so assessed, that is, $1,623.12, with interest.

The decision of this case depends on the provisions in the tax covenant for apportionment of taxes construed and applied in the light of the statutes governing taxation. Though the lease was for a term of twenty years beginning January 1, 1915, and ending December 31, 1934, the provisions for apportionment therein apply only to "the first and last years of the term" or, as elsewhere described, "the first and last tax years of said term." And only the tax for the last year or last tax year of the term is involved in this case.

In the absence of a statutory change in the tax date — the date as of which taxes are assessed — taxes on real estate are assessed annually, not, however, for any period of time, but rather as of a fixed tax date. *Welch* v. *Phillips*, 224 Mass. 267. *Koshland* v. *American Woolen Co.* 289 Mass. 308, 311. Prior to St. 1909, c. 440, the tax date was May 1. By that statute it was changed to April 1, and it so continued until changed by St. 1933, c. 254, to January 1. If there had been no provision for apportionment in the tax covenant in this lease the lessee would have been bound by such covenant to pay the entire tax assessed on the demised premises as of each April first during the term including April 1, 1934. *Welch* v. *Phillips*, 224 Mass. 267. *Koshland* v. *American Woolen Co.* 289 Mass. 308.

Where, however, as here, there is a provision for apportionment of the tax assessed as of a given tax date, the tax is regarded as assessed with respect to the period between that date and the next tax date, and that period is the basis for apportionment of the tax. *J. L. Hammett Co.* v. *Alfred Peats Co.* 217 Mass. 520, 523. Unless the tax date is changed by statute this period is one year, and consequently may be referred to as a "year" or a "tax year," though the period is not so described in the taxing statutes. The significant fact is that the period runs from one tax date to the next succeeding tax date, and not that ordinarily it consists of twelve months. Naturally interpreted,

therefore, the last year or last tax year of the term — obviously the same period — referred to in the apportionment clauses of the lease, for which the tax is to be apportioned between the lessor and lessee, is the last period between tax dates any part of which falls within the term. The alternative construction making this last year or tax year the last twelve-month period of the term — that is, the calendar year 1934 — must be rejected since on this construction the entire last year or tax year in any event would be "covered by the period of this lease," and the provision for apportionment would be superfluous. If, therefore, there had been no change in the tax date the last year or tax year of the term of the lease would have been the period between April 1, 1934, and April 1, 1935, and the defendant would have been liable for only nine twelfths of the tax assessed as of April 1, 1934 — the proportionate part of the last tax year of the term "covered by the period of this lease."

The case, therefore, turns on the effect of the change of the tax date by St. 1933, c. 254, which took effect December 31, 1934 (§ 66), the last day of the term of the lease. It is not contended that the Legislature could not make such a change in the tax date. By this statute the so called tax year beginning April 1, 1934, was changed to a period of nine months ending December 31, 1934. Though the parties to the lease did not contemplate such a change the language of the lease is broad enough to apply to the new period between tax dates, the so called tax year so created. See *Welch* v. *Phillips*, 224 Mass. 267. As was said in the case cited, it "is not for us to speculate as to what agreement . . . [the parties] would have made if they had foreseen the likelihood of a change in the tax law." Page 269. The parties to the lease must be taken to have contracted with reference to the tax law as it should exist at any time during the term of the lease. See *Suter* v. *Jordan Marsh Co.* 225 Mass. 34, 37; *Kimball* v. *Cotting*, 234 Mass. 172, 173. Consequently, on December 31, 1934, which was within the term of the lease, the last year or tax year of this term was the nine months period from April 1, 1934, to December 31, 1934, inclusive, a period which fell wholly

within the term of the lease and furnished no basis for apportionment of the tax assessed as of April 1, 1934. And the defendant became liable for the entire tax so assessed.

The defendant contends, however, that its liability became fixed on September 15, 1934, when the tax assessed as of April 1, 1934, became due and payable by the lessor to the city of Boston, and was not affected by the statutory change which took effect later. The language of the lease does not support this contention. It finds no support in the covenant for payment by the lessee of taxes assessed on the demised premises "with apportionments for the first and last years of the term." And the provision that "taxes assessed for the first and last tax years of said term shall be apportioned" is stated as an express exception to the provision that taxes payable by the lessee under its covenant "shall be paid to the Lessor in each year whenever the same are due and payable and before any interest or penalty accrues thereon." We need not decide whether this exception goes so far as to relieve the lessee from liability to pay any tax assessed for the so called tax year beginning April 1, 1934, at the time the tax so assessed became due and payable by the lessor. But, at least, this exception precludes an interpretation of the agreement for apportionment of the tax assessed for the last so called tax year of the term, whereby such apportionment is finally determined as of the date when such tax became due and payable by the lessor — or as of any date when such tax might be paid without interest or penalty — even if the defendant on that date paid to the lessor the amount payable by such defendant determined as of that date under the law then in force. Such a payment would not relieve the defendant from liability for further tax for the last tax year of the term resulting from a later statutory change taking effect during the term and affecting the amount of the tax assessed as of April 1, 1934, attributable to such last tax year. The lessee's covenant for the payment of taxes continued to be operative during the term of the lease and covered any increase in the amount of the tax for the last tax year of the term caused by such statutory change.

The defendant contends further that the purpose of the provision in the lease regarding taxes was to require the lessee to pay taxes on the demised premises only for the term of the lease, and that, according to the conclusion here reached, the lessee is required to pay taxes for a period of time three months longer than the twenty-year term of the lease. Doubtless the parties intended that the lessee should pay only the taxes covering the term of the lease. But the conclusion here reached carries out that intention. For reasons already stated the tax assessed on the demised premises as of April 1, 1934, because of the change in the governing statutes, became a tax for the period ending December 31, 1934, within the term of the lease and, consequently, no part of such tax related to any period thereafter. Furthermore, no greater hardship is imposed on the defendant than is imposed on owners of real estate generally by reason of the statute establishing a new tax date less than a year after the last preceding tax date. On the other hand, the result of the adoption of the defendant's contention would be to cast upon the lessor the burden of a part of the taxes assessed with respect to the term of the lease. The lessee by its agreement, properly construed, has assumed the whole burden of such taxes.

It follows that there must be judgment for the plaintiff in the amount of $1,623.12 with interest thereon from December 31, 1934, when the defendant first became liable for this amount.

*So ordered.*