S. PETER SARRIS *vs.* BOARD OF ASSESSORS OF SWAMPSCOTT. May 24, 1974. The taxpayer filed a petition with the Appellate Tax Board (board) (under G. L. c. 58A, § 7, as amended) challenging the denial by the board of assessors of his application for abatement of 1970 real estate taxes on his Swampscott home. The board affirmed the decision of the assessors. The taxpayer then appealed under the

provisions of G. L. c. 58A, § 13, as amended, to the Supreme Judicial Court. The case was transferred to this court under G. L. c. 211A, § 12. The board's findings of fact, which are final (G. L. c. 58A, § 13, as amended), established that the assessors on January 1, 1970, had valued the property in the amount of $62,000; that on January 14, 1970, the property was damaged by fire rendering it uninhabitable for a portion of the remainder of that year; that the taxpayer stated the fair cash value of the property to be $80,000 prior to the fire and $45,000 thereafter; but that following repairs, the property was, in September of 1970, worth between $85,000 and $90,000. It is evident from these facts that there is no merit in the taxpayer's assertion that his property was overassessed on January first. (Nor is there a shred of evidence to support his claim that the property was disproportionately assessed.) " [T]axes on real estate are assessed annually, not, however, for any period of time, but rather *as of a fixed tax date*" (emphasis supplied). See *Miller* v. *Wadsworth, Howland & Co. Inc.* 296 Mass. 172, 174 (1936); *Irving Usen Co. Inc.* v. *Assessors of Boston,* 309 Mass. 544, 545 (1941). G. L. c. 59, § 11, as amended through St. 1958, c. 549, fixed the responsibility of the board of assessors to assess real property as of January first. Indeed, January first, as an assessment date, is applied quite generally throughout chapter 59. The fact, therefore, that this taxpayer, as the result of a fire, suffered a temporary diminution in the value of his property following the assessment date affords no justification for an abatement from the fair cash value established by the assessors on January first. The decision of the Appellate Tax Board is to be affirmed with costs.

*So ordered.*

*George C. Eliades, Jr.* (*Normand R. D'Armour* with him) for the taxpayer.

*Timothy J. Davern,* Town Counsel, for the Board of Assessors of Swampscott.