SOUTHEASTERN REGIONAL PLANNING AND ECONOMIC
DEVELOPMENT DISTRICT *vs.* TOWN OF DARTMOUTH &
another.

Bristol.    February 17, 1978. — April 4, 1978.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Planning District. Municipal Corporations*, Membership in district, District assessment.

A town's termination of its membership in a regional planning and economic development district resulted in an automatic change in the boundaries of the district. [211–212]

Although a town withdrew from membership in a regional planning and economic district six months before the end of the district's fiscal year, it was liable for the entire assessment of its share of district costs for the fiscal year. [212–213]

CIVIL ACTION commenced in the Superior Court on January 30, 1975.

The case was heard by *Traveira, J.*

*James A. Donnelly, Jr.,* for the plaintiff.

*James M. Cronin* for the defendants.

HALE, C.J. In this action the plaintiff Southeastern Regional Planning and Economic Development District asked that the court order the town of Dartmouth to pay the balance of the July 1, 1974, to June 30, 1975, fiscal year assessment which the district claimed was owed it by the town. The town claimed that it did not owe the balance of the assessment because it had terminated its membership in the district at the close of the 1974 calendar year. The case was heard on a statement of agreed facts. The district has appealed from a judgment dismissing the complaint. We reverse.

The district was established pursuant to G. L. c. 40B, § § 9–19. From 1968 until the spring of 1974 the town had been a member of the district. On April 23, 1974, the town voted, pursuant to G. L. c. 40B, § 10, to terminate its membership in the district effective December 31, 1974.

Prior to this vote of the town and according to its obligations under c. 40B, § 18, the district in November of 1973 had estimated the amount of money required to pay the costs and expenses of the 1974–1975 fiscal year, apportioned the amount necessary among the cities and towns in the district according to their respective populations and assessed the shares so apportioned on each of the member municipalities. Again, in accordance with the statute, prior to December 31, 1973, the district commissioners had certified the amounts to the treasurers of the municipalities. The defendant town's assessment amounted to $2,820. That amount was to be paid in full no later than July 10, 1974. On September 5, 1974, the town notified the district of its vote to terminate membership in the district as of December 31, 1974, and paid $1,410, claiming that since it would be a member for only

one half the fiscal year, it should be required to pay only one half of the assessment.[1]

The district raises two questions. The first is whether the town shall pay the balance of its duly certified assessment for its apportioned share of the district assessment for fiscal 1975. The second question raises the broader issue of the effect on the district boundary of the vote taken by the town. We consider the second question first.

1. The district asks this court to hold that a vote of a municipality terminating its membership in a district does not affect either the district boundaries or the municipality's share in total district assessments. A plain reading of the statute shows this argument to be without merit. It is clear from the wording of the statute that the Legislature intended the boundaries of the district to be flexible. Section 10 of c. 40B, inserted by St. 1968, c. 633, provides two methods by which district boundaries can be changed. The Commissioner of Commerce and Development may, "if he deems it in the best interest of the district," with approval of a majority of the members of the regional planning and economic development commission, add or exclude cities or towns. The second means, the one employed by the town in this case, is for a city or town, which has been a member of a district for at least five years, to vote by a two-thirds vote of the city council or town meeting to terminate its membership, effective at the end of the calendar year in which the vote is taken. We agree with the Attorney General that a change in membership results in an automatic change in

---

[1] The problem here arises because of St. 1969, c. 849, § § 37–39, which amended the provision in c. 40B, § 18, for district assessments on a calendar year basis to provide for assessments on a fiscal year basis. General Laws c. 40B, § 10, inserted by St. 1968, c. 663, provides that a town's termination of membership in the district is not effective until "the end of the *calendar* year within which said termination is voted" (emphasis supplied). If this was an oversight on the part of the Legislature, it is not the function of this court to correct it by "judicial legislation." *Prudential Ins. Co. of America* v. *Boston* , 369 Mass. 542, 547 (1976).

boundaries of the district involved. "[T]he territory of a district consists, by definition, of the territory of its respective members." Rep. A.G., Pub. Doc. No. 12, at 153 (1977).

2. We turn now to the narrower issue whether the defendant town is liable for the unpaid balance of the assessment for the fiscal year 1974–1975, or whether such an assessment can be prorated when a municipality withdraws from the district halfway through the fiscal year. This precise question has not been ruled on before.

General Laws c. 40B, § 18, provides the procedure whereby the commission which administers the district is to estimate the amounts required to pay the costs and expenses of the district, apportion said amount to the various member municipalities, and receive payment from the cities and towns. According to the terms of this statute, the apportionment among the members is to be accomplished prior to December 31, for the fiscal year beginning the following July.[2] Because they closely parallel the procedures for the collection of assessments under § 18, we believe it would be helpful to draw on the procedures for the assessment and collection of real estate taxes as an aid in solving the present problem.

General Laws c. 59, § 21, as appearing in St. 1969, c. 849, § 66B (see St. 1971, c. 766, § 19), mandates that the "assessors shall assess state and county taxes duly certified to them." It further provides that "all taxes shall be assessed as of January the first preceding the fiscal year with respect to which the taxes are assessed." The obligation to pay a real estate tax is fixed as of the assessment date. "A tax on land for a given year is regarded as a unit, as a single charge for that year, and not as a collection of

---

[2] General Laws c. 40B, § 18, as amended by St. 1969, c. 849, § § 37–39, also provides that "the board of assessors of each such city or town shall include said amount in the assessment for the annual tax levy if such tax levy has not been assessed . . . ." If the annual tax levy has already been assessed, the district assessment is to be included in the levy of the next fiscal year.

charges accruing monthly and lumped together." *Koshland* v. *American Woolen Co.*, 289 Mass. 308, 311 (1935). After the tax is fixed, the owner of the property on January 1 is liable for the tax on the property for the entire ensuing year. If the taxpayer sells the property he remains liable to the municipality for the tax assessed. *Miller* v. *Wadsworth, Howland & Co.*, 296 Mass. 172, 174 (1946). *Irving Usen Co.* v. *Assessors of Boston*, 309 Mass. 544, 545 (1941). See G. L. c. 59, § 11. We are not convinced by the defendants' argument that a comparison of district assessments and tax assessments is not apt because of the "extensive statutory provisions for abatements and exemption . . . G. L. c. 59, § § 5, 59–74." None of those procedures affects the taxpayer's liability to pay the tax assessed for the year less any reduction by reason of abatement or exemption.

The defendants have not pointed to any provision in the General Laws, nor have we found any, which would permit division of a district assessment once such assessment has been made. We hold that the entry of judgment dismissing the complaint was error, and we remand the case to the Superior Court for the entry of a new judgment ordering the town of Dartmouth to pay to the district the balance of the fiscal year 1974–1975 assessment.

*So ordered.*